IN

# THE SUPREME COURT

OF

## PENNSYLVANIA.

PHILADELPHIA—JANUARY TERM, 1878.

### Siewers *et al. versus* Commonwealth, to use of Hauseman.

1. While a prothonotary is responsible for the accuracy of his search only to the person who employs him, yet if the agent of the person who thus employs him, not relying upon the correctness of the certificate, applies to the prothonotary and he reaffirms its correctness, such reaffirmance is a republication of the certificate and will bind the prothonotary and make him liable in damages for any injury resulting from a neglect to include a judgment in said search.

2. It was proper to submit to the jury the fact of such republication.

April 1st 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Error to the Court of Common Pleas of *Carbon county:* Of January Term 1878, No. 61.

Debt by the Commonwealth of Pennsylvania to the use of Alexander Hauseman against J. H. Siewers, late prothonotary of the Court of Common Pleas of Carbon county, and his sureties, on the official bond of said prothonotary. At the trial it appeared that on July 30th 1868, Siewers made a search for judgments against James Anthony, for which the latter paid. After the search he gave Anthony the following certificate:—

(15)

[Siewers *v.* Commonwealth.]

"Daniel Peters } In the Common Pleas of Carbon
    *v.* county, to March T. 1868.
James Anthony, T. T. } No. 148.
G. F. Anthony, Princ'l. } Amic. Sci. Fac. and Jt., $450.00.
    Entered May 4 1868.

{ SEAL OF COURT OF COMMON PLEAS. } I, J. H. Siewers, Prothonotary of the Court of Common Pleas of Carbon county, do certify that, the above judgment is the only one against the James Anthony entered here within five years.

July 30 1868.     { 5 ct. U. S. Rev. stamp. }     J. H. SIEWERS,
                                                        Prothonotary."

Hauseman, the plaintiff, had left certain moneys with Thomas Beck to be loaned out, and on August 7th 1868, Anthony applied to Beck for a loan, and at the same time exhibited the above certificate of search. On the same day Beck and Anthony went to the office of the prothonotary, and there Beck, as the agent of Hauseman, loaned Anthony $2500, and took from the latter his judgment-note for that amount. This note was written by Siewers, the prothonotary, and was entered of record by him. It appeared that on July 30th 1868, when Siewers gave the certificate of search against Anthony, there was upon record another judgment against Anthony, in favor of D. H. Straub, for $750, which was not mentioned in the certificate. On December 6th 1873, the real estate of Anthony was sold by the sheriff, and $3002 were realized therefrom. Out of this sum were paid the judgments of Peters and Straub, leaving a balance of about $1600 to meet the Hauseman judgment. This action was to recover damages for making a false certificate of search.

The plaintiff alleged, and Beck testified, that on the 7th of August 1868, Anthony produced the certificate of July 30th 1868, and requested the loan of the money. Beck was not satisfied, and to ascertain whether the certificate was correct, went with Anthony into the prothonotary's office, and handed to Siewers the certificate, and asked him whether it was correct, and, upon Siewers replying that it was, Beck again asked him the question, and desired him to make a search, to be sure that it was correct, and that Siewers took the certificate and again made a search, and returned the certificate to Beck, saying that it was correct, and that there were no other judgments, and that Beck then, relying on the certificate, loaned the money to Anthony, and took the judgment-note.

Siewers, on the contrary, testified that no conversation, such as testified to by Beck, took place; that he did not on that day see the certificate, and never saw it from the day that it was made until after this suit was commenced, and that all that occurred was that Beck and Anthony came to his desk, where one or both of them requested him to write the judgment-note, which he did.

[Siewers *v.* Commonwealth.]

The defendant submitted the following points, all of which the court, Dreher, P. J., refused:—

1. That as the evidence is uncontradicted, that the defendant, Siewers, made out a certificate of judgments at the request of James Anthony, and delivered the same to James Anthony on July 30th 1868, who paid him therefor at that time, the plaintiff cannot recover.

2. That James Anthony, at the time he ordered the search, and received and paid for the search, was not the agent of Hauseman for that purpose; there was no breach of the condition of the bond, and the plaintiff cannot recover.

3. That if the jury believe that, at the time James Anthony ordered the search and received and paid for the search, he was not authorized by Hauseman to procure the search and certificate, then there was no breach of the condition of the bond, and the plaintiff cannot recover.

In their general charge, the court, inter alia, said:—

"The plaintiff, Mr. Hauseman, claims that he has suffered damage in the loss of money loaned to James Anthony, in consequence or by reason of a false certificate of search made by Mr. Siewers as prothonotary. The prothonotary is the custodian of the records of the court. Among the records are judgments entered either upon confession or by suit and proper proceedings. Among other duties of the prothonotary is that of making searches for judgments and giving his certificate of the result of such search, for any person who may choose to apply to him therefor, and pay him his fee allowed by law. In the accuracy and truthfulness of such search and certificate the prothonotary is responsible to the person for whom it is made. He is not responsible to anybody else. A person, desiring to have the personal pecuniary responsibility of the prothonotary or his sureties, must himself apply for and have the search and certificate made. He need not apply in person. It is sufficient if the application is made, and the search and certificate procured by his agent for him."

And after a recital of the foregoing facts, as testified to by Beck, continued: ["This is briefly what Mr. Beck testified to as to what occurred in the prothonotary's office. Now, we have to say to you that, if you should find the facts to be as just stated, in regard to what occurred in the prothonotary's office, then the plaintiff will be entitled to recover, and your verdict should be in his favor."]

The verdict was for plaintiff for $673.20.

The defendant assigned for error the admission in evidence of the certificate of search, the refusal of his points and the foregoing portion of the charge in brackets.

*E. J. Fox, Charles Albright* and *Allen Craig,* for plaintiffs in error.—The prothonotary is liable only to the party who asks and

6 Norris—2

[Siewers *v.* Commonwealth.]

pays for the search : Commonwealth *v.* Harmer, 6 Phila. 90 ; Houseman *v.* Girard M. B. & L. Association, 31 P. F. Smith 256. To make Siewers liable, Beck should have obtained a new search and paid for it. The certificate was given to Anthony alone, and the parol affirmance of its correctness to Beck was not the obtaining of a new search such as would bind the prothonotary.

*Edward Harvey, James S. Loose* and *John D. Bertolette,* for defendant in error.—Beck was the agent of Hauseman, and the conversation between him and the prothonotary was a republication of the original certificate of search.

Chief Justice AGNEW delivered the opinion of the court, May 6th 1878.

The learned judge below followed closely the current of.decisions in this state. He held that for the accuracy and truthfulness of his search and certificate, the prothonotary is responsible to the person for whom it was made and not to others. Commonwealth *v.* Harmer, 5 Am. Law Reg. N. S. 214 also 6 Phila. R. 90 ; Houseman *v.* Girard Loan & Building Association, 31 P. F. Smith 256. The reasons given in Commonwealth *v.* Harmer, appear to be satisfactory. The officer owes a single duty, which is to him who employs him to search and certify. If a new duty to another arises, it must be because of a new demand and a new privity. If without this new privity, successive liabilities can arise to others, the cause of action necessarily changes, both as to the time of its origin and the measure of the loss ; and thus the statutory limitation as to official bonds will be postponed from time to time, and a variable standard of recovery arise with each succeeding claimant who holds the certificate. This is not only harsh and unjust to to the officer, whose liability is thus made to continue onward without new compensation, or a fresh search. A fresh search may reveal the omitted encumbrance and thus give the officer a *locus poenitentiae,* as well as any equivalent compensation for the new risk to be assumed.

The plaintiff in error had the benefit of this view of the law in the charge. But the facts of this case are wholly different from those in the Commonwealth *v.* Harmer, and take it out of the rule therein stated. Hence the court properly left it to the jury on the facts. The certificate was given, it is true, to Anthony, the borrower of the money from Hauseman, but Beck the agent not relying on it, went with Anthony to the officer, who reaffirmed its correctness. Not content with this, Beck requested a new search which he (the prothonotary) made, and returned the certificate to him, saying again it was correct. Upon this, and at Beck's request, the prothonotary drew up a judgment-note, which was signed and handed over to be entered and the money then paid by Beck

to Anthony. Certainly this was a republication of the certificate made directly to Beck, the agent of the plaintiff; it was a renewal and delivery of the certificate by the prothonotary himself directly to the plaintiff, and therefore there was not only privity but liability to him on part of the officer. He must then respond in damages for his omission, on the principles of Zeigler v. Commonwealth, 2 Jones 228; McCarahan v. Commonwealth, 5 W. & S. 21; and Hauseman v. Girard Loan & Building Association, *supra.*

Judgment affirmed.