HENRY ZWEIGARDT, Appellant, v. JOHN T. BIRDSEYE, Respondent.

Kansas City Court of Appeals, April 9, 1894.

1. **Appellate Practice**: NO INTERFERENCE WITH FINDING BELOW: EVIDENCE IN ABSTRACT. The appellate court will not interfere with the finding of the trial judge sitting as a jury except in case of manifest prejudice or misconduct, nor can it revise such finding unless all the evidence is brought up for its consideration.

2. **Abstracts of Title**: ABSTRACTOR LIABLE TO WHOM: CONTRACT. The liability of an examiner of titles for want of skill or ordinary care and diligence is to the party who employed him, alone, and an action of damages can not be sustained by a third party acting upon the faith of the certificate,—there must be privity of contract.

3. ———: ———: SCIENTER. The fact that the abstractor has knowledge that the certificate as to title is to be used in a sale or loan to advise the purchaser or loanor, does not affect the rule and make him liable to the purchaser or loanor.

*Appeal from the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*Hoss & King* and *L. L. Scott* for appellant.

The real question is, for whose use and information was it prepared and did the defendant understand that he was preparing it for the use of the plaintiff? Of this there can be no doubt as all the witnesses agree on this point. We are not proceeding on the theory in this case that the defendant would be liable if he had not known that his abstract was to be made for the use of the plaintiff, though such is held to be the law in *Dickle v. Abstract Co.*, 24 Am. St. Rep. 616, but what we do claim is that under the evidence in this

case the defendant made this abstract for the use, benefit and information of the plaintiff, as much so as if Roodhouse had never spoken to Birdseye about it and Zweigart had done all the talking instead. The leading authority on this subject is the case above referred to and the case of *Bank v. Ward*, 100 U. S. 621. In *Bank v. Ward*, the court divided, but the judge delivering the controlling opinion bases his finding particularly upon the fact that the attorneys sought to be held in that case had no information whatever that their certificate was to be used by any other person.

*J. B. Harris, Burton & Wight* for respondent.

(1) This being a suit at law, this court will not weigh and pass upon the preponderance of the evidence. *Randolph v. Alsey*, 8 Mo. 656, 657; *Honeycutt v. Railroad*, 40 Mo. App. 674; *Ins. Co. v. Shultz*, 30 Mo. App. 91; *Douglass v. Orr*, 58 Mo. 573; *McHugh v. Meyer*, 61 Mo. 384. (2) Even were the rule otherwise, how can this court say that the finding was against the weight of the evidence, when, from appellant's abstract, it is apparent that it does not contain all of the testimony upon the question involved? *Sleet v. Gilmore*, 28 Mo. App. 655. (3) The declaration given by the court embodies the law. *Gordon et al. v. Livingston*, 12 Mo. App. 267; *Clark et al. v. Marshall et al.*, 34 Mo. 429. Martindale, Abstracts of Title, sec. 185. (Cases cited, note 2). *The Dundee, etc., v. Hughes*, 18 Central Law Journal (Ore.), p. 470; 24 Central Law Journal, p. 292. (4) The doctrine contended for by appellant in his brief, is based upon the dissenting opinion in *Bank v. Ward*, 100 U. S. 621. The doctrine of that case as enunciated by Justice CLIFFORD has received the approval of the Missouri

court of appeals in *Gordon v. Livingston, supra.* We submit that the judgment of the trial court should be affirmed.

GILL, J.—The plaintiff in his petition states substantially that on the twenty-eighth day of November, 1892, the plaintiff and defendant entered into a contract whereby the defendant agreed with the plaintiff to furnish plaintiff with an abstract of title to certain land in Vernon county, then owned by one Roodhouse, and which land plaintiff was about to purchase and subsequently did purchase from Roodhouse; that in pursuance of said contract defendant made and delivered to said Roodhouse as the agent of plaintiff an abstract of title to said land; that through the negligence of defendant said abstract was falsely made, in this, that it failed to show certain judgments pending in the circuit court of said county against said Roodhouse, which judgments were a lien upon said land, and which said judgments plaintiff was compelled to and did pay off, to his damage.

Defendant's answer was a general denial. The case was tried by the court, sitting as a jury, who made the following finding of facts: "The court finds from the evidence that the abstract and certificate were made by the defendant for one Roodhouse, and not for the plaintiff, nor for Roodhouse as the agent of plaintiff; and further finds that the defendant in making said abstract, negligently failed to include the judgments introduced in evidence. The plaintiff on account of said failure and negligence, was compelled to pay the same, and that the said plaintiff was injured thereby. That the finding of the court will be for the defendant, the evidence showing no contractual relations between the plaintiff and defendant."

At the request of defendant the court also gave the

Zweigardt v. Birdseye.

following: "The court declares the law that unless the plaintiff employed the defendant to make the abstract, the plaintiff can not recover in this case and that it devolves upon the plaintiff to show to the court by the weight of the testimony, that plaintiff did employ defendant to make said abstract." The court gave judgment for defendant and plaintiff appealed.

I.   It seems to be the purpose of appellant's brief to convince us that the trial court was in error as to the *facts found*, and that for that reason the judgment ought to be reversed. This effort must be futile here, and for two obvious reasons. In the first place, since this case was tried before the judge, sitting as a jury, we should defer to his finding of facts and settlement of all conflicts in the testimony, and should not interfere except in a case of manifest prejudice or misconduct; and, in the second place, we should not attempt to revise the findings of the trial court, unless all the evidence is brought here for our consideration. The plaintiff's abstract (to which alone we must look) makes no pretense of presenting the evidence in full, but contains only such portions as plaintiff's counsel deemed material or proper for the purposes of their argument. We can not, from this, undertake to deny the conclusions of fact arrived at by the trial judge.

We shall, then, assume the facts to be as declared by the trial court—that is, that defendant was employed by one Roodhouse to examine the records and report by abstract the state of the title to certain lands; that in so doing the defendant negligently omitted to note the existence of certain judgments which were liens on the property, and that on account of this omission plaintiff (who bought the land from Roodhouse) was afterwards compelled to pay said judgments.

Under this state of facts the plaintiff can not hold the defendant liable, and the judgment of the lower

court must be affirmed. We find the authorities quite uniform in favor of the proposition "that the liability of an examiner of titles for want of skill or ordinary care and diligence is to the *party who employs him* alone, and that an action of damages can not be sustained by a third party acting upon the faith of the certificate." Martindale on Abstracts of Title, sec. 185. Or as expressed by another author: "To fix the liability on the examiner there must be privity of contract with the injured party, for he can be held answerable for his errors only to the person who employs him; and where, in the absence of fraud, collusion or falsehood, the examiner has made an erroneous certificate, upon the strength of which a third person has loaned and lost money, no liability will attach notwithstanding the fact that the money was advanced on the assurances of the abstract, and to the person who had caused the same to be made." Warvelle on Abstracts, p. 8.

In a well considered case from New Jersey the court says: "It is not every one who suffers a loss from the negligence of another that can maintain a suit on such ground. The limit of the doctrine relating to actionable negligence is, that the person occasioning the loss owes a duty, arising from contract or otherwise, to the person sustaining such loss. Such a restriction on the right to sue for want of care in the exercise of employments, or the transaction of business, is plainly necessary to restrain the remedy from being pushed to an impracticable extreme. There would be no bounds to actions and litigious intricacies if the ill effects of the negligences of men could be followed down the chain of results to the final effect." *Kahl v. Love*, 37 N. J. L. 5. The following decided cases are as well in point: *Savings Bank v. Ward*, 100 U. S. 195; *Dundee Mortgage Co. v. Hughes*, 20 Fed. Rep. 39;

*Gordon v. Livingston*, 12 Mo. App. 267, and numerous cases there cited.

It will be seen, too, from these and other cases, that the above rule applies with like force even where the abstractor or examiner has knowledge that the certificate as to title is to be used in a sale or loan to advise the purchaser or loanor.

In the case at bar the pleader seems to have had about this same idea of the law, for in the plaintiff's petition it is alleged that the plaintiff had a contract with the defendant to furnish him (plaintiff) an abstract showing incumbrances, etc., on the land, but that defendant failed, etc. However, the evidence did not sustain the allegations of the petition, as is shown by the court's finding of facts. The defendant furnished an abstract, not under contract with the plaintiff, but as requested by, and at the expense of, Roodhouse. There was, then, no privity of contract between the plaintiff and the defendant. The defendant therefore owed the plaintiff no duty, and the defendant's failure to observe due care in searching the records was the violation of no obligation he owed the plaintiff.

The case was tried on a proper theory of law, and the judgment will be affirmed. All concur.