| 64 | 27 |
|----|----|
| 70 | 305 |

### ECONOMY BUILDING AND LOAN ASSOCIATION, &c., v. WEST JERSEY TITLE, &c., CO.

Submitted July 10, 1899—Decided November 13, 1899.

A count disclosing that plaintiff agreed to loan money to an applicant upon condition that he should secure the loan by a mortgage on real estate, certified to be a first lien thereon by a title company having corporate capacity so to do ; that the borrower applied to the company and made known to it his agreement with plaintiff; that he requested the company to make the required search and certificate ; that it agreed to do so and to deliver the same to him, to be delivered to plaintiff, to be used for the purpose of procuring said loan, and that the company did make the certificate and deliver it to the borrower, who paid for it, and by its use obtained his loan, shows a contract on the part of the company, including an undertaking to use care in certifying truly as to previous encumbrances, upon which, in case the company carelessly and untruthfully certifies that the mortgage is a first lien, when in fact there is a previous recorded mortgage on the lands, the plaintiff has a good cause of action if injured thereby.

This action is upon contract. Its purpose is the recovery of damages alleged to have been suffered by plaintiff because it made a loan on the security of a mortgage on real estate upon the faith of a certificate of defendant that it was free from prior encumbrances, which certificate was untrue, there being, in fact, a prior recorded encumbrance, the foreclosure of which caused the loss of plaintiff's loan.

Plaintiff has set out his cause of action in two special counts and defendant has demurred to each.

Before MAGIE, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and LIPPINCOTT.

For the demurrant, *Lewis Starr.*

*Contra, David J. Pancoast* and *Edward Ambler Armstrong.*

The opinion of the court was delivered by

MAGIE, CHIEF JUSTICE. It is not claimed that there has been imposed by law upon defendant a duty in respect to the transaction with plaintiff, for the breach of which an action would lie under the authority of *Appleby* v. *State*, 16 *Vroom* 161.

In the opinion of Mr. Justice Depue, in that case, it was suggested whether the liability of a county clerk for untrue statements in a certificate of search of title would arise out of his official position, or rather out of his employment to make the search, in which case his liability would extend only in favor of the person employing him and with whom he was in privity by the contract of employment. The defendant has no official character, but from the statements of the declaration we must assume that it has corporate capacity to do the acts which it is charged with doing, viz., examining the title of real estate and certifying to encumbrances thereon. If possessed of such capacity there can be no doubt that, upon being employed to examine and certify, it undertook a duty in favor of the employer. for the breach of which it would become liable to him.

The question presented by the demurrers is whether these counts sufficiently disclose a duty owed by defendant to plaintiff and a breach of such duty.

It will be convenient to first consider the second count.

Omitting extraneous and unnecessary matters, that count may be thus paraphrased : It charges that one Moore desired to procure a loan of $3,000, and applied to plaintiff therefor ; that plaintiff agreed to make the loan on condition that Moore should secure it by a mortgage on certain lands, which mortgage should be certified by defendant to be a first lien on said lands ; that Moore applied to defendant and made known to it his agreement with plaintiff ; that he requested defendant to make the required search and certificate which it agreed to do ; that it agreed to make and deliver such search and certificate to Moore, to be by him delivered to plaintiff and used for the purpose of obtaining said loan ; that it made the certificate, a copy of which was annexed to and made part of the declaration, and delivered it to Moore who paid defendant therefor, and then delivered it to plaintiff who thereupon made the loan on the faith of the certificate.

The certificate avers that the mortgaged lands were not encumbered by any previous mortgage.

The count proceeds to aver that the certificate was carelessly made and was untrue, because the lands were, in fact, subject to a prior recorded mortgage which has since been foreclosed to the injury of plaintiff.

The sole contention of demurrant is that the count discloses no privity between it and the plaintiff, but only a contract between it and Moore. But this is too narrow a view of the transaction set out in this count. Upon its averments there is disclosed either a contract between plaintiff and defendant, made through the agency of Moore, by which defendant was employed to examine and certify the title, or a contract of like employment between Moore and defendant, made for the benefit of plaintiff upon which a right of action by plaintiff would arise. *Joslin* v. *New Jersey Car Spring Co.,* 7 *Vroom* 141 ; *Whitehead* v. *Burgess,* 32 *Id.* 75. It is unnecessary to

determine in which aspect the facts averred place the plaintiff's right of action. Either will support this count.

In either aspect the contract disclosed a contract which included an undertaking to use care in discovering and certifying to previous recorded encumbrances. The averment that defendant carelessly omitted to certify to a previous encumbrance appearing in the public records, establishes a complete right of action on the contract.

This demurrer must be overruled.

The question whether the first count demurred to exhibits a good cause of action in favor of plaintiff is of more difficulty. The court is equally divided in its views upon that question. It results that the demurrer to that count must also be overruled.