ROBERT T. YOUNG v. A. W. LOHR, Appellant.

Action to Recover for Defective Abstract of Title;  LIABILITY OF
1    ABSTRACTER.  A contract relation exists between the owner of
land and one employed to make an abstract of title thereto,
though the employment is by an agent, and an abstracter is

liable for any damage which the owner may sustain by reason of his failure to use ordinary care in the preparation of the abstract.

Same: RECOVERY: RELIANCE ON ABSTRACT MUST BE SHOWN.  To
2   entitle plaintiff to recover from an abstracter for damage sustained by reason of an abstract defectively made by him, it must appear that plaintiff relied on the abstract and certificate.

Special Finding: WHEN ANSWER IMMATERIAL.  Where the evidence
3   does not support a special finding except a certain construction is given the question, in which case the answer would be immaterial, there is no cause for reversal.

*Appeal from Sioux District Court.*—HON. WM. HUTCHINSON, Judge.

SATURDAY, DECEMBER 20, 1902.

ACTION for damages sustained from a defective abstract of title furnished by the defendant.  Judgment for the plaintiff, and the defendant appeals.—*Affirmed.*

*Hatley & Irwin* for appellant.

*Stone & Tinley* and *Orr & TePaske* for appellee.

SHERWIN, J.—The plaintiff was a resident of Council Bluffs, where a certain judgment was rendered against him, which was transcripted to Sioux county, and became a lien upon land which he owned there, and to satisfy which the land was sold at sheriff's sale, and afterwards went to deed.  The plaintiff did not know of the transcript, lien, or sale until after the sheriff's deed was delivered.  After the sale of the land, he made application to the firm of Walters & Wadsworth, of Council Bluffs, for a loan thereon, and made them his agents for procuring the same, and for paying off a mortgage then resting thereon, and all other liens and incumbrances affecting the property, and agreed to furnish a complete abstract of

VOL. 118 IOWA.—40.

the title to the land. He delivered to Walters & Wadsworth an abstract of the title, which was not brought down to that date, and they sent it to the defendant for extension and certification, accompanied by the following letter: "We inclose for record mortgage of Robert T. Young and wife to our firm, also the abstract of title for extension. Will you please show the consideration for each transfer on the abstract? We do not know the amount of fee for recording this form of mortgage, or we would remit. In returning the papers, advise us fee for recording and abstract, and we will forward draft." It was extended and certified by the defendant, without showing the filing of the transcript of the Pottawattamie county judgment, or the sheriff's sale of the land.

It is elementary that one who undertakes, for a consideration, the examination of titles is liable for a failure to exercise ordinary care in so doing. It is the general 1. LIABILITY rule that the liability of an abstracter of of abstracter. titles is based upon contract. *Russell & Co. v. Polk County Abstract Co.*, 87 Iowa, 233. And it is contended that there was no contract or privity of contract between the plaintiff and the defendant, upon which liability can be predicated in this case, because the abstract was extended and certified for the use of Walters & Wadsworth, and not for the plaintiff. The defendant relies upon the case of *Bank v. Ward*, 100 U. S. 195 (25 L. Ed. 621) (which is a leading case), in support of his proposition that only those to whom the abstract is furnished can recover. The facts in that case are not parallel to those before us. There the owner of the land procured the abstract, and furnished it to the loaner, as he had agreed to do; and, upon suit brought by the latter, the defendant was held not liable, because there was never any employment of the defendant by the plaintiff, and because the abstract was furnished without any knowledge on the part of the defendant as to the purpose for

which it was obtained.   It was not shown in that case that the owner, who applied for the abstract, was acting as the agent of the plaintiffs.   The court said: "The only suggestion in that direction being that it may be held that the applicant for the loan, when he employed the defendant, may be regarded as the agent of the plaintiffs.   Such suggestion, being entirely without evidence to support it, is entitled to no weight."

The facts in this case are so unlike those in the cases cited, following the rule in the *Ward Case*, that further notice of them is unnecessary.   Here there was evidence showing that Walters & Wadsworth were acting as the agents of the plaintiff in procuring an extension of the abstract.   It is true that their agency may not have been disclosed by their action or by the nature of the transaction, but such disclosure was not necessary to create liability on the part of the defendant.   If the agency in fact existed, the abstract was furnished for the plaintiff, and he was liable to the defendant for the service rendered, whether the defendant knew him as a principal or not Being liable for this service, he is entitled to reciprocal rights against the defendant, and may maintain this action, subject to any defense which the defendants might have interposed against the agents.   Mechem on Agency, section 769, and cases cited thereunder; 1 Am. & Eng. Enc. Law (2nd Ed.) 1168.

To entitle him to recover, the plaintiff was bound to show that he had relied upon the abstract and certificate made by the defendant.   He did not testify in so many

2. RECOVERY: reliance on abstract must be shown.

words that he had done so, but we think the facts disclosed were of such character as to warrant the jury's finding that he did.   He procured the loan for the purpose of paying off the prior mortgage on the land, and all other liens or charges against it.   The extension of the abstract was for the purpose of advising the plaintiff of those matters, so that he.

or Walters & Wadsworth, whom he had authorized to pay whatever was against it, might clear the title and make the contemplated mortgage a first lien thereon; and everything that appeared against it on the abstract was paid, and the items and amount thereof were reported to the plaintiff, and the balance remaining from the loan—more than enough to redeem from the sale—was paid over to him. Forty-one acres of land, worth $30 or $35 per acre, was sold to satisfy a judgment of little over $100, and permitted to go to deed, after the abstract was extended and certified by the defendant. True, the plaintiff was bound to know that execution might issue on the judgment against him, and his property be sold to satisfy it, but this contention only strengthens his claim that he. was deceived and misled to his injury by the defective abstract; the question of his own negligence being another matter, and for the jury to determine.

We think the case was fully and fairly submitted, under instructions not subject to criticism, and with evidence supporting each proposition. All of the special

3. Special findings: when answer immaterial.

findings are supported by the evidence, except the fifth, and are not inconsistent with the general verdict. The fifth may or may not be right, according to the meaning of the question it asks,—if the plaintiff knew of the judgment in question on the 9th day of June, 1897. If it meant to inquire if he knew that it was transcripted to Sioux county at that time, the question was properly answered. If it referred to the rendition of the judgment in Pottawattamie county, as we presume it did, the answer could not be controlling, whatever it was, and we will not reverse simply because not supported by the evidence.

The judgment is AFFIRMED.