Association v. Bank.

EQUITABLE BUILDING & LOAN ASSOCIATION *v.* BANK OF
COMMERCE & TRUST COMPANY.

'(*Jackson.* April Term, 1907.)'

1. **ABSTRACTS OF TITLE.** Will included, though certificate
refers to instruments in register's office only, when.

Where the body of an abstract of title contains an abstract of
twenty-three instruments, among which was a will as shown
by a will book required to be kept in the office of the county
court clerk, and there is attached to the abstract a certificate
that it contains all conveyances as shown by the records in the
register's office of a certain named county, the contract and ab-
stract includes the will. (*Post, pp.* 684, 685.)

Case cited and distinguished: Thomas v. Carson, 46 Neb., 765.

2. **SAME.** Liability of abstracter for injury resulting from error
relied on as correct.

Where an abstract of the title purports to state the contents or
substance of instruments, and there is nothing on the face of
the abstract to indicate a mistake or error, the customer is
justified in relying upon it, without making an original investi-
gation, and where there is an error in the abstract, and, through
reliance upon it, the customer has sustained an injury, the ab-
stracter is liable therefor, provided the error is such as could
have been avoided by the exercise of ordinary care and skill on
the part of one possessing qualifications adapted to the business
of abstracting. (*Post, pp.* 685, 686.)

Cases cited and approved: Dickle v. Abstract Co., 89 Tenn., 432;
Bank v. Ward, 100 U. S., 195; Banker v. Caldwell, 3 Minn., 94;
Kane v. Rippey, 22 Or., 296; Heinsen v. Lamb, 117 Ill., 549;
Wacek v. Frink, 51 Minn., 282; Young v. Lohr, 118 Iowa, 624;
Rankin v. Schaefer, 4 Mo. App. 108; Keuthan v. Trust Co., 101
Mo. App., 1.

Association v. Bank.

**3. SAME. Same. Negligence rendering abstracter liable for injury to customer; case in judgment.**

An abstracter fails to exercise a proper degree of care and skill where the abstract furnished refers in its body to a will in the chain of title and purports to set out its contents as devising the property in fee, while it only devised a life estate, and a customer injured in relying upon the abstract is entitled to recover. (*Post, p.* 686.)

**4. SAME. Abstracter liable to customer only, and not to third party, when.**

An abstracter of title is liable only to the person to whom he furnishes the abstract, and not to a third person to whom the customer furnishes the abstract, unless there is a republication of the abstract to such third person. (*Post, p.* 686.)

Cases cited and approved: Bank v. Ward, 100 U. S., 195; Talpey v. Wright, 61 Ark., 275; Mortgage Co. v. Hughes (C. C.), 20 Fed., 39; Mallory v. Ferguson, 50 Kan., 685; Symns v. Cutter, 9 Kan. App., 210; Glawatz v. Search Co., 63 N. Y. Supp., 691, 49 App. Div., 465; Zweigardt v. Birdseye, 57 Mo. App., 462; Siewers v. Commonwealth, 87 Pa., 15.

Cases cited and distinguished: Dickle v. Abstract Co., 89 Tenn., 431; Denton v. Title Co., 112 Tenn., 320; Young v. Lohr, 118 Iowa, 624; Loan & Savings Co. v. Abstract Co., 31 Mont., 448; Association v. Title & Guaranty Co., 64 N. J. Law, 27.

**5. SAME. Same. Case in judgment.**

An abstracter of title is not liable to a lender of money for an error making a defective title appear to be perfect, where the abstract was furnished to a husband whose wife borrowed money on the faith of the correctness of the abstract, and where the abstracter had no knowledge of the purpose for which the husband intended to use the abstract; because there was no privity between the abstracter and the lender of the money. (*Post, pp.* 686-690.)

FROM SHELBY.

Appeal from the Chancery Court of Shelby County.—
F. H. HEISKELL, Chancellor.

MR. JUSTICE NEIL made the following statement of
facts:

This suit was brought to recover the sum of $1,891.21
and interest thereon, alleged to have been lost by reason
of a defect in an abstract of title issued by the Buck Ab-
stract Company, the property of which was acquired
by the Memphis Abstract Company; the Bank of Com-
merce & Trust Company conceding its liability for the
debts of the latter.

The abstract was obtained and used under the follow-
ing circumstances:

T. J. Fox intermarried with Lizzie Oltmann, and, de-
siring to use his wife's property to enable him to pro-
cure a loan, applied through a third party, one Haynes,
to the Equitable Building & Loan Association for cer-
tain shares of stock and for a loan of $2,500, in accord-
ance with the building and loan laws. He was advised,
through his agent, that it was necessary to procure an ab-
stract of title, and he thereupon ordered such abstract
from the Buck Abstract Company. At the time this ab-

stract was ordered the Buck Abstract Company was not informed of the purpose for which it was to be used, and it never at any time had knowledge of that purpose. The abstract was delivered to Mr. Fox, and by him to his agent, Haynes, who in turn delivered it to the building and loan association. After an examination by the attorney of the association, he reported that the title was in Mrs. I. F. Fox, in fee. Thereupon Mrs. Fox made application to the building and loan association for a loan, and the association advanced her the sum of $2,-600, less premiums, taking a trust deed upon her interest in the property covered by the abstract. Mrs. Fox became delinquent in her payments, and the property was advertised for sale under the trust deed. It was then discovered that she had only a life estate, and the sale was abandoned. Notice was given to the Bank of Commerce & Trust Company that the building and loan association would look to it to protect it against any loss it might suffer by reason of an alleged defect in the abstract of title. It was agreed by all parties to endeavor to get Mrs. Fox to pay as much of the debt as possible; the rights of neither party to be prejudiced by the delay or the agreement. Mrs. Fox died shortly afterward, and all her interest in the property ceased. Thereupon the building and loan association began this suit.

The defect in the abstract complained of is in the item numbered 19, which is a reference to the will of

Elizabeth Oltmann, who was the mother of Mrs. Fox. This will as abstracted is as follows:
"No. 19, Will Book 11, Page 307.

|  | Instrument. | Date. | Filing. | Remarks. |
|---|---|---|---|---|
| Elizabeth   Oltmann<br>to<br>Her   Daughters<br>Lizzie  and  Lona | Will. | June 8th,<br>1891. | June 8th,<br>1891. |  |

"Consideration, $——.   Proved and admitted to record June 8th, 1891.

"Conveys . . . to Lizzie the house and lot N. E. corner Greenlaw and 4th st., 74¼x74¼ ft., and S. part of lot on which I now live, being so much of said lot as lies S. of the line running half way between the two brick houses on said lot—the part here conveyed had on it a single tenemant brick—. . . to her sole and separate use, etc.   To Lona . . . other property."

Without referring to the records to examine the original will, or the will as recorded in the county clerk's office, the attorney for the association interpreted the above note as purporting a devise of an estate in fee to Mrs. Fox in the property described, and so reported to his client, the building and loan association.   If the will, as recorded in Will Book 11, at page 307, referred to in the abstract, had been examined, it would have been shown that the devise was in the following language:

"To have and to hold to her, the said Lizzie, for and during her natural life, for her sole and separate use,

free from the debts, contracts or control of any husband she may have, and at her death to the heirs of her body forever."

Mrs. Fox left children surviving her, and at her death the remainder vested in them in accordance with the terms of the will. The certificate attached to the abstract is in these words:

"The foregoing abstract, consisting of twenty-three instruments, contains all conveyances of the property mentioned in the caption thereof, of date since February 14, 1857, shown as No. 1 therein, of record in the register's office of Shelby county, Tennessee, prior to this 16th day of January, 1901, at 9 o'clock a. m., except as to W. ½ lot 149, which is a continuation from June 23, 1884.

"[Signed] R. M. BUCK ABSTRACT CO.,

"R. M. BUCK, Gen. Mgr.

"Prepared for T. J. Fox."

The will of Elizabeth Oltmann was not of record in the register's office of Shelby county, but was of record in the will book above referred to.

The chancellor rendered a decree against the Bank of Commerce & Trust Company for the full amount sued for, with interest. From this decree, the company appealed to this court and has here assigned errors.

The errors assigned are:

"(1)   That the abstract of title is not defective; (2) that the defect complained of was in the will of Elizabeth Oltmann, and that the contract of the abstract com-

pany was to furnish an abstract only of such instruments as were of record in the register's office, and that this will was not of record in that office; (3) that there was no privity of contract between the building and loan association and the abstract company."

HIRSCH, GOODMAN & ALBAN, for complainant.

W. A. PERCY and R. LEE BARTELS, for defendant.

MR. JUSTICE NEIL, after making the foregoing statement of facts, delivered the opinion of the Court.

We shall consider the first and second assignments in the reverse order.

1. Although the certificate refers only to the register's office of Shelby county, and wills are not recorded there, but in the county court clerk's office, yet, since the body of the abstract refers, for No. 19, to the will book, and purports to state its substance, and this No. 19 was required to make the complement of twenty-three instruments mentioned in the aggregate in the certificate, the contract of the parties must be held to apply to that instrument, and there can be no doubt in fact that it was so intended and understood by the parties. *Thomas* v. *Carson,* 46 Neb., 765, 65 N. W., 899 (cited by the appellants' counsel), does not cover such a state of facts. In that case the certificate covered instruments only in "the county court clerk's office, office of the district court clerk and treasurer's office." The two

mortgages, the knowledge of which would have prevented the plaintiff from investing and losing his money, were in the register's office, which had been in existence only about one year. The court said that the entries upon the abstract were in all respects true; hence there was no breach of contract. There was not in that case, as in the present one, a reference upon the face of the abstract to an instrument, and a report, not mentioned in terms in the certificate, but embraced by necessary construction therein.

2. We think the abstract company was guilty of negligence in the report which it made on the will of Mrs. Elizabeth Oltmann. An abstracter may content himself with presenting a mere index to the records, and if such a paper be accepted by his customer the latter cannot complain. Such a paper could be delivered and accepted only under a mutual expectation that the customer would examine the records referred to for himself. Compare *Moot* v. *Business Men's Investment Ass'n*, 157 N. Y., 201, 52 N. E., 1, 45 L. R. A., 666. But where the abstract purports to state the contents or substance of a deed, will, or other instrument, and there is nothing upon the face of the abstract to indicate a mistake or error, the customer is justified in relying upon it, without making an original investigation, and is not guilty of negligence in so doing. If there is in fact an error in the abstract, and through reliance upon it the customer has sustained injury, he may hold the abstracter liable therefor to the extent of the injury sustained,

provided the error complained of is such as could have been avoided by the exercise of ordinary care and skill on the part of one possessing qualifications adapted to the business of abstracting. *National Savings Bank v. Ward,* 100 U. S., 195, 25 L. Ed., 621; *Banker v. Caldwell,* 3 Minn., 94 (Gil., 46); *Kane v. Rippey,* 22 Or., 296, 23 Pac., 180; *Heinsen v. Lamb,* 117 Ill., 549, 7 N. E., 75; *Wacek v. Frink,* 51 Minn., 282, 53 N. W., 633, 38 Am. St. Rep., 502; *Young v. Lohr,* 118 Iowa, 624, 92 N. W., 684; *Rankin v. Schaefer,* 4 Mo. App., 108; *Keuthan v. St. Louis Trust Co.,* 73 S. W., 334, 338, 339, 101 Mo. App., 1; *Dickle v. Abstract Co.,* 89 Tenn., 432, 14 S. W., 896, 24 Am. St. Rep., 616; 1 Cyc., 213, 214, 218; 1 Am. & Eng. Encyc. of Law, 210, 218, 221.

Applying the foregoing principles to the case in hand, we are of opinion that an abstracter, exercising a proper degree of care and skill, would have seen the importance of noting the fact that Mrs. Oltmann's will gave to Mrs. Lizzie Fox, the daughter of the testatrix, only a life estate in the property.

3. We are of opinion, however, that the third assignment must be sustained. There was no privity between the abstract company and the Equitable Building & Loan Association. The ground of the action against the abstracter is in contract, and not in tort, and the weight of authority is to the effect that the abstracter is liable only to the person to whom he furnishes the abstract, and that he is not liable to a third person, to whom his customer presents and with whom his customer

uses the abstract in the procurement of money or property, unless there is a republication of the abstract to such third person. *Nat. Savings Bank* v. *Ward,* supra; *Talpey* v. *Wright,* 61 Ark., 275, 32 S. W., 1072, 54 Am. St. Rep., 206; *Dundee Mortgage Co.* v. *Hughes* (C. C.), 20 Fed., 39; *Mallory* v. *Ferguson,* 50 Kan., 685, 32 Pac., 410, 22 L. R. A., 99; *Symns* v. *Cutter,* 59 Pac., 671, 9 Kan. App., 210; *Schade* v. *Gehner,* 34 S. W., 576, 133 Mo., 252; *Glawatz* v. *People's Guaranty Search Co.,* 63 N. Y. Supp., 691, 49 App. Div., 465; *Zweigardt* v. *Birdseye,* 57 Mo. App., 462; *Siewers* v. *Commonwealth,* 87 Pa., 15.

There are some cases which we should note as holding that privity existed under the special circumstances appearing therein. In *Young* v. *Lohr,* supra, it was held that the abstracter was liable to the owner, though the contract was by the owner's agent, who did not disclose his principal. In *Western Loan & Savings Co.* v. *Silver Bow Abstract Co.,* 78 Pac., 774, 31 Mont., 448, 107 Am. St. Rep., 435, it was held that where, though defendant abstract company had arrangements with plaintiff loan association by which abstracts were furnished at the cost of borrowers from the association to be used by plaintiff, defendant agreed to furnish the abstract in question in that case for plaintiff, and delivered it, knowing that it was made for the plaintiff's exclusive benefit and use, and that plaintiff would rely thereon, there was sufficient privity of contract to enable plaintiff to recover the damages sustained by reason of a failure of the ab-

stract to disclose an unsatisfied judgment against the land referred to therein.

In *Economy Building & Loan Association* v. *West Jersey Title & Guaranty Co.,* 44 Atl., 854, 64 N. J. Law, 27, it was held that a count disclosing that plaintiff agreed to lend money to an applicant upon condition that he should secure the loan by mortgage on real estate certified to be a first lien thereon by a title company having corporate capacity so to do; that the borrower applied to the company and made known to it his agreement with plaintiff; that he requested the company to make the required search and certificate; that it agreed to do so, and to deliver the certificate to the borrower to be delivered to the plaintiff, to be used for the purpose of procuring the loan; and that the company did make the certificate and deliver it to the borrower, who paid for it, and by its use obtained the loan—showed a contract on the part of the company, including an undertaking to use care in certifying truly as to previous incumbrances, upon which, in case the company carelessly and untruthfully certified that a certain mortgage was a first lien, when in fact there was a previous recorded mortgage on the land, the plaintiff had a good cause of action if injured thereby.

In *Dickle* v. *Abstract Co.,* 89 Tenn., 431, 14 S. W., 896, 24 Am. St. Rep., 616, it appeared that Dickle was negotiating with Bowman for the purchase of land, but declined to complete the purchase until they were furnished with an abstract of title; that Bowman there-

upon applied to the company to make the abstract, which was done, and Bowman paid for it, and the abstract was delivered to him, and was shown to Dickle, and in reliance upon it he completed the purchase—the deed from Bowman to Dickle being prepared by the abstract company. There were two conveyances omitted from the abstract, by reason of which Dickle was injured. These were the allegations of a bill in equity brought against the abstract company for relief. The court held that these allegations showed a privity of contract between Dickle and the abstract company.

In *Denton* v. *Title Company,* 112 Tenn., 320, 79 S. W., 799, the preceding case was followed, and applied to a case where the vendor and vendee together paid for the abstract; each paying one-half. The vendor, however, alone applied in person to the company for the abstract, and it was furnished to him; but it was known to the officers of the company that he was procuring it for the purpose of making a sale of his property, and for the purpose of satisfying prospective purchasers. On these facts the court held that Denton, being the immediate purchaser of the land from the person to whom the abstract was issued, and the defendant knowing that it was procured to be used in making a sale of property, the complainant, Denton, was entitled to the benefit of it, and could sue for material defects therein, causing injury.

In the case before the court, as shown by the state-

118 Tenn—44

ment, the abstract company issued the abstract to T. F. Fox, without any knowledge on the part of the company of the purpose for which it was intended to be used. It was presented by Mrs. Fox to the complainant, and money was lent by the latter to her. There was no privity whatever between the complainant and the abstract company.

It results that the judgment of the court below must be reversed, and the bill dismissed.