Donald SLATE and Adelia Slate, husband and wife, Appellants,

v.

BOONE COUNTY ABSTRACT COMPANY, a Corporation, Respondent.

No. 53400.

Supreme Court of Missouri, Division No. 1.

Oct. 14, 1968.

Scott Orr, Sapp, Woods, Dannov & Orr, Columbia, for appellants-plaintiffs.

Terence C. Porter, Welliver, Porter & Cleaveland, Columbia, for defendant-respondent.

Terence C. Porter, Columbia, for respondent; Welliver, Porter & Cleaveland, Columbia, of counsel.

FRANK D. CONNETT, Jr., Special Judge.

This is a suit for damages in the amount of $16,200 brought by the buyers of land against an abstract company. The buyers, Donald and Adelia Slate, allege in their petition that they were damaged as a result of the Boone County Abstract Company's negligent failure to include a utility easement in an abstract of title for a tract of land prepared and certified by the abstracter and delivered by it to the buyers at the request of the sellers of the land. Defendant abstracter contended in a motion to dismiss plaintiffs' petition that the contract to prepare and certify the abstract was between it and the seller of the land, and because there was no privity of contract between it and the buyers, it is not liable to them. This motion was sustained by the Circuit Court and the buyers appealed to this Court.

■ Appellants ask the Court to abrogate the requirement of privity in suits on contracts such as these. Their argument is that the rule requiring privity before one can sue on a contract is based upon a necessity of protecting a promisor from unlimited liability to an unlimited number of people, and also from obligations and liabilities to others which the parties would not voluntarily assume. But when the end and aim of the contract between promisee and promisor was the performance of a service for the benefit of a known third party the rule has been abrogated. See discussion in Westerhold v. Carroll, Mo., 419 S.W.2d 73.

The respondent cites as authority for its contention that a lack of privity between plaintiff and itself relieves it from any liability to plaintiff, the case of Anderson versus this same defendant, Anderson v. Boone County Abstract Company, Mo., 418 S.W.2d 123, decided last year by this Court. In that case plaintiff sought damages for defendant's negligent omission of a recorded restrictive covenant in an abstract of title to land prepared at the re-

quest of one Powell, who sold the land to Wulff, who in turn sold to Fristoe, who in turn sold to the plaintiff, Anderson. The abstract was not recertified at each sale and each buyer relied on the abstract and certificate originally requested by Powell for the sale to Wulff. In that case we denied recovery on the grounds there was no privity between the abstract company and Anderson, the third buyer. We declined to abrogate the requirement of privity between plaintiff and defendant in that case. A distinguishing factor between the Anderson case and the instant case is that in this case it is alleged that the abstract company knew that the abstract was to be used and relied upon by these plaintiffs.

■ An analysis of this case discloses it to be a third party beneficiary contract, i.e., a contract in which the promisor engages to the promisee to render some performance to a third person, Williston on Contracts, 3rd Edition, Sec. 347. In instances where the promisee owes a duty or obligation to a third party, which would be satisfied by the promisor's performance, the third party is sometimes called a third party creditor beneficiary. 1 Restatement, Contracts, Sec. 133(b). In the instant case according to the allegations of the petition the sellers of the land were to furnish the buyers with a certified abstract of title to the land. The abstracter promised the seller for a consideration to prepare such an abstract and to deliver it to the buyers. The plaintiffs as buyers were the beneficiaries of this promise. The certified abstract of title was furnished for the sole use of the buyer. It was of no value or use to the seller, other than to fulfill their obligation to the buyers to supply such an abstract.

■ It has long been the law in Missouri that a third party may sue upon a contract between two other parties, based upon valid consideration and made for the benefit of such third party, although the third party furnished none of the consider-

ation. See Rogers v. Gosnell, 58 Mo. 589, wherein a real estate broker was permitted to recover upon a promise made by the buyer of land to the seller to pay one-half of broker's commission. See also Stephens v. Great Southern Savings & Loan Ass'n, Mo.App., 421 S.W.2d 332, 335. In some cases we have stated: "It is sufficient, in order to create the necessary privity, that the promisee owe to the party to be benefited some obligation or duty, legal or equitable, which would give him a just claim", City of St. Louis to Use of Glencoe Lime & Cement Company v. Von Phul, 133 Mo. 561, 34 S.W. 843, 844. In other cases suit has been permitted because of our Statute 507.010 RSMo1959, V.A.M.S., requiring suits to be brought in the name of the real party in interest, Motley v. Callaway County, 347 Mo. 1018, 149 S.W.2d 875, 878, Ellis v. Harrison, 104 Mo. 270, 16 S.W. 198. Perhaps the appropriate statement on the proposition that a third party beneficiary may sue upon the contract is to be found in Ellis v. Harrison, supra, at page 199, "This proposition is now too firmly settled as part of the law of this state to require reexamination. Whether it is logically deducible from common-law principles (as has been sometimes doubted) it would serve no useful purpose now to consider. It has been accepted here, as in most of the American states, because it is supposed to furnish a useful rule in practice, tending to simplify litigation. By following it one action often effects the same results that two would be required to accomplish without it." Thus we see that a third party beneficiary may sue the promisor in a contract made for the benefit of the third party whether it be on a theory that a third party beneficiary is in privity with the promisor, or that privity is not necessary to permit the third party beneficiary to sue the promisor.

■ Therefore, we decide that plaintiffs as third party beneficiaries of the contract between the defendant abstracter and the sellers of the land, may bring suit against

the defendant for its alleged negligent omission to include an easement in the certified abstract of title to the land.

The defendant has called our attention to the case of Zweigardt v. Birdseye, 57 Mo.App. 462. That case is "on all fours" with the instant case. It is not clear from the facts recited in the opinion whether the abstracter knew that the abstract was to be given to the plaintiff. However, the court held that the plaintiff buyer could not recover from the abstracter because he was not a party to the contract to prepare the abstract, and that this rule applied "* * * even where the abstractor or examiner has knowledge that the certificate as to title is to be used in a sale or loan to advise the purchaser or loanor." No doubt the trial court relied on this case in making his decision. However, this case conflicts with the views expressed herein and should no longer be followed in cases where the abstracter knows that the abstract is to be used in a proposed sale to advise the buyer. It was not pointed out to the Court of Appeals that this was a third party beneficiary contract, although suits on such contracts were permitted at the time of that case, 1894. The court relied to a great extent on general language in Kahl v. Love, 37 N.J.L. 5. The Kahl case was not in point. Furthermore, in 1899 in the case of Economy Building & Loan Association v. West Jersey Title Company, 64 N.J.L. 27, 44 A. 854, the New Jersey Supreme Court permitted one who loaned money in reliance on an abstract certified to be free of encumbrances to recover from the abstract company for its negligent failure to include a recorded mortgage. This was held to be authorized under either a theory of agency or that the plaintiff was a third party beneficiary of the contract to prepare the abstract.

The judgment is reversed and the case is remanded.

All concur.