DICKLE *v.* ABSTRACT ·COMPANY.

(*Nashville.*   December 13, 1890.)

ABSTRACT COMPANIES.   *Liability for negligence.*

An abstract company that furnishes to the owner of land an abstract of title with guaranty of its correctness, for the purpose of enabling him to effect a sale, is liable to a purchaser who buys upon the faith of that abstract, for damages resulting from a failure of title by reason of prior registered conveyances of the vendor, which would have been disclosed by an abstract prepared with proper skill and care.

FROM  DAVIDSON.

Appeal from Chancery Court of Davidson County. ANDREW ALLISON, Ch.

STOKES & STOKES for Dickle.

A. N. MILLER for Abstract Company.

TURNEY, Ch. J.   Complainants purchased from Bowman, a resident of California, at the price of $200 per acre, a tract of land, represented to contain twenty-one acres and thirty-six poles, in Davidson County.

Complainants declined to purchase until they

were furnished with an abstract of title.  Bowman thereupon applied to defendants to make the abstract, which was done, and Bowman paid for it. They delivered the abstract to Bowman, and guaranteed it to be a true and perfect abstract of the title.  On being furnished with the abstract, which showed the title to be in Bowman, complainants made the purchase on the faith of it.

It subsequently developed that two conveyances, embracing about four acres of the land, had been made, but were not noticed in the abstract.

The deed from Bowman to complainants was prepared by the abstract company.

Such are the substantial allegations of the bill, which is brought to have the abstract company account.

There was demurrer, because the bill does not allege fraud, and there is no privity of contract between complainants and defendants.  It was not necessary to allege fraud; a statement of facts is all that is necessary.

It is clear from the bill that complainants relied upon the abstract and the guarantee of its correctness, and would not purchase without it. The abstract company held itself out as competent to do the work, and it is well understood that purchasers rely upon the work of such corporations as security for the perfectness of title, and expect them to point out any defects.  Such was the case here.  Complainants declined to purchase except upon an abstract.

To furnish abstracts of titles is a business. Parties undertaking it assume the responsibility of discharging its duties in a skillful and careful manner. Patience in the investigation of records is the main capacity required. There is no professional opinion. The agent has only to furnish the facts from the Register's office, without concern for their legal effect. Upon the facts furnished, the purchaser must determine for himself on their sufficiency. The abstract company collects the evidence, and for such collection it is entitled to its fee. If it makes a mistake or oversight, as in this case, it must respond to the injured party.

The payment for the four acres already conveyed was the result of the unskillful work of the defendant. Holding itself out to the public as competent and skillful, it must be so, or supply the want by answering for the loss it brings about.

The allegations of the bill clearly make a privity of contract between the purchasers and the defendant. Upon the work of the latter depended the acceptance or refusal of the offer to sell.

Decree sustaining demurrer is reversed, and cause remanded for further proceedings.