CHARLES T. DENTON *v.* NASHVILLE TITLE COMPANY.

(*Nashville.*    December Term, 1903.)

1. **JUDGMENT LIEN.** Not destroyed but only suspended by appeal; should be noted in abstract of title.

   The appeal from a judgment in chancery does not destroy the judgment lien, but only suspends it; and the abstracter of a land title is guilty of a breach of duty in failing to note the existence of such judgment.   (*Post, p.* 324.)

   Code cited and construed:   Sec. 4711 (S.); sec. 3697 (M. & V.); sec. 2983 (T. & S. and 1858).

2. **ABSTRACT OF TITLE.** Purchaser is entitled to benefit of, and may sue for defect causing injury.

   The purchaser of land is entitled to the benefit of an abstract, and can sue the abstracter for a material defect therein causing injury, where it is issued to the owner, with the knowledge that it is procured to be used in making a sale of the land.   (*Post, p.* 324.)

   Case cited and approved:   Dickle v. Abstract Co., 89 Tenn., 431.

3. **SAME.** Abstracter is not liable for defect not causing injury.

   An abstracter of land title is not liable for failure to note the existence of a judgment, the lien of which is never enforced, but is allowed to expire by the statute of limitations, where the purchaser's loss results from the inherent invalidity of his title, as where he purchased a void tax title which was removed as a cloud upon the title and declared void at the suit of a mortgagee in an unregistered mortgage of the original owner, the judgment debtor.   (*Post, pp.* 324-325.)

Denton v. Nashville Title Co.

**4.   SAME.   Same.   Injury too remote to render abstracter liable.** . **when.**

The insistence that the injury was caused by the defect in failing to note the judgment, on the ground that if it had been so noted, the purchaser would have observed it, and would not have bought the land at all, is not sound, because the injury is too remote. (*Post, pp.* 325-326.)

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County.—JOHN ALLISON, Chancellor.

Statement by MR. JUSTICE NEIL:

This action was brought in the chancery court of Davidson county to collect of the defendant $800 as damages for failure to furnish a correct abstract of title of certain real estate in Davidson county which the complainant purchased of one Campbell.

Complainant and Nelson Campbell were negotiating an exchange of certain properties, and the complainant asked for and required that he be furnished an abstract of title of the property involved in the present case, known as the "Mauck land," which he was about to purchase.

Campbell refused to pay the amount that would be

necessary to procure the abstract, and it was thereupon agreed between him and complainant that the cost, $17, should be divided equally between them. The abstract was applied for by Campbell, and was furnished to him, but it was known to the officers of the company that he was procuring it for the purpose of making a sale of his property and for the purpose of satisfying prospective purchasers.

The abstract was issued on September 24, 1898. It contained a certificate that it was a true abstract of the records of Davidson county purporting to be abstracted and set out therein so far as such records related to the premises above mentioned. Among other things, it purported to give a statement of the contents of the records of the chancery court of Davidson county.

The abstract failed to show the existence of a judgment for $500 rendered in the chancery court in the case of Block v. Mauck on June 8, 1898. There was an appeal prosecuted from that judgment to the supreme court (52 S. W., 689), and the case was there affirmed February 8, 1899.

On July 10, 1893, pending the suit of Block v. Mauck in the chancery court, a mortgage was executed by Mauck in favor of one Alford to indemnify the latter, as surety for Mauck, on a bond executed in that cause. This mortgage was never registered.

On August 28, 1896, David Crutchfield, as back-tax collector, offered the real estate now in controversy for sale for the payment of the taxes assessed thereon for

the year 1895.    At this sale one Campbell became the
purchaser.

On August 29, 1898, Crutchfield, as back-tax collector,
made a deed to Campbell.

On July 29, 1899, Campbell executed a deed to the
complainant.    The consideration expressed was $800.
The real consideration was $700.

Neither Campbell nor the complainant had any knowl-
edge of the mortgage of July 10, 1893.

On February 20, 1900, Alford filed his bill in the chan-
cery court in Davidson county against Mauck, complain-
ant Denton, and certain persons to whom Denton had
mortgaged the property, for the purpose of having the
land sold for the enforcement of his mortgage of July
10, 1893. In this bill he attacked the validity of the tax
sale above referred to, and asked that the deeds there-
under be declared void and removed as clouds upon the
title, to the end that his mortgage might be foreclosed,
and the land sold free from the claims of the present
complainant and those claiming under him.    A decree
was obtained by Alford in that cause granting the relief
asked for, and declaring the tax proceedings and com-
plainant's deed thereunder void.    This decree was en-
tered December 21, 1900.

On the hearing of the present cause in the chancery
court complainant's bill was dismissed, and that decree
was affirmed by the court of chancery appeals, and from
the latter decree an appeal was presented to this court,
where the cause now stands for final hearing.

M. P. ESTES and J. H. ACKLEN, for complainant.

M. T. BRYAN, for defendant.

MR. JUSTICE NEIL, after making the foregoing state-
ment, delivered the opinion of the Court.

It is clear that the defendant was guilty of a breach
of duty in failing to note the existence of the judgment
of June 8, 1898, inasmuch as the appeal did not destroy
the lien, but only suspended it (Shannon's Code, sec-
tion 4711) ; and, being the immediate purchaser of the
land from the person to whom the abstract was issued,
and the defendant knowing that it was procured to be
used in making sale of the property, the complainant was
entitled to the benefit of it, and could sue for a material
defect therein causing injury. *Dickle* v. *Abstract Co.*,
89 Tenn., 431, 14 S. W., 896, 24 Am. St. Rep., 616.

It appears, however, that the injury was not caused by
the enforcement of the judgment lien. Indeed, a com-
parison of certain dates above mentioned discloses the
fact that the judgment of the supreme court, into which
the judgment of the chancery court was merged, was
more than one year old, and its lien therefore had ex-
pired when the proceedings were begun by Alford which
resulted in a loss of the property to the complainant.

The complainant insists that the mortgage taken by
Alford, and which was enforced as above stated, should
be considered in connection with the judgment and the
two should be treated as one transaction, inasmuch as

Denton v. Nashville Title Co.

the mortgage was executed by Mauck to indemnify Alford in the liability which he had assumed in respect of the demand upon which the judgment was based, and the mortgage was enforced against the land. But if we so treat them the result is not changed. The judgment was not enforced. The mortgage, it is true, was enforced. But this paper had never been registered, and neither complainant nor his vendor had any knowledge of its existence. That instrument therefore would have had no vigor against the complainant if his tax title had been valid. That title, however, was directly assailed for invalidity in the proceeding brought to enforce the mortgage, and was overthrown and cast aside as being only a cloud upon the title. We have a case, then, wherein the judgment which was omitted from the abstract was not enforced against the land at all, and wherein the mortgage referred to could not have been enforced against it but for the fact that complainant's supposed title was inherently defective; in fact void.

The cause of the complainant's loss therefore was the inherent invalidity of his title, not the enforcement of the judgment omitted from the abstract. There being no causal connection between the defendant's fault and the loss sustained, therefore the complainant cannot recover.

It is insisted, however, that, if the abstract had contained a reference to the judgment of June 8th, complainant would have observed it, and he would not have

Denton v. Nashville Title Co.

bought the land at all. Hence it is said he was injured by the defect referred to.

This is too remote. No one can say with any certainty what the complainant would have done if his attention had been called to the judgment. The matter was still in litigation, and upon examination of the files and conference with the parties, or upon other examination into the merits or probabilities of the litigation, he might have been willing, for some deduction in the price, to have taken the risk. It is impossible to forecast the risks a trader will chance in the hope of gain. Such risks run all the way from assured profit to the wildest guess of speculative venture.

The damages in this class of cases should be confined to injuries which the court can see resulted in loss of title or impairment of some kind to the ownership or enjoyment of the property which was purchased on faith of the abstract, and that such injury was the direct result of the defect complained of therein.

Let the judgment be affirmed.