Peterson v. Gales, 191 Wis. 137.

PETERSON and wife, Respondents, vs. GALES, Appellant, and OWEN and others, interpleaded, Respondents.

*September 15—October 12, 1926.*

*Covenants: Construction in favor of free use of property: Restriction against "house:" Breach of covenant: Knowledge placing grantee upon inquiry: Sufficiency: Liability of abstractor of title for negligence: Who may recover.*

1. Restrictive covenants in deeds are strictly construed in favor of the free use of. the premises for all. lawful purposes.  p. 139.
2. The word "house," as used in a restrictive covenant, may include any and every kind of structure, its exact meaning being dependent on the context in which it is used and the purpose sought to be effected.  p. 139.
3. A covenant not to build "any house with a foundation wall nearer than twenty-four feet from the street line," or costing less than a specified sum, is construed to establish only a building line, and not to prohibit the erection of a machine shop.  p. 140.
4. Where the court, upon a mistaken construction of a restricted covenant in a deed, found that the grantee was not damaged by the restriction, the issue as to damages must be retried.  p. 141.
5. The liability of a grantor in a deed for breach of the covenant of warranty against incumbrances is not affected by any knowledge or warning the grantee might have had sufficient to put him upon inquiry and lead him to actual knowledge of restrictions on the property conveyed.  p. 142.
6. The liability of the maker of an abstract of title for damages because of mistakes in the abstract is based on contract and not on negligence, and he is therefore not liable to persons misled to their damage unless some privity of contract exists between them.  p. 142.

APPEAL from a judgment of the circuit court for Racine county: E. B. BELDEN, Circuit Judge. *Reversed.*

For the appellant there was a brief by *Thompson, Myers & Helm* of Racine, and oral argument by *Peter J. Myers.*

For the respondents *Peterson* there was a brief by *Beck, Smalley & Smith* of Racine, and oral argument by *G. E. Smalley.*

For the respondent *Owen* there was a brief by *Carl N. Hill* of Madison and *James H. Hill* of Baraboo, and oral argument by *D. V. W. Beckwith* of Madison.

For the respondents *Miller* and *Case* there was a brief by *Hand & Quinn* of Racine, and oral argument by *E. B. Hand.*

OWEN, J.    This action was brought to restrain the defendant *Arthur C. Gales* from erecting on lot 20 of block 2 of Owen's subdivision to the city of Racine a building in violation of a restrictive covenant affecting the use of said lot.    A partition deed between the heirs of the proprietor of said subdivision contained the following covenant:

"It is also agreed, and all the parties hereto agree not to build on Owen avenue any house with a foundation wall nearer than twenty-four feet from the street line.    Also not to build on said avenue any house costing less than $1,500. . . . Also agreed that agreements, covenants, and conditions herein mentioned shall be binding on the parties hereto, their heirs, executors, administrators, and assigns."

On December 2, 1924, the defendant *Gales* purchased the lot in question from *Elizabeth Owen,* who executed to him a deed containing full covenants of warranty.    The purchase price was $2,300 for the vacant lot.    He thereafter proceeded to erect on said lot a machine shop, in disregard of the terms of said covenant requiring the foundation wall of buildings to be kept twenty-four feet from the street line. Plaintiffs own the lots adjoining defendant *Gales'* lot.    They brought this action to restrain him from building the machine shop on said lot, or from building any building thereon having its foundation wall closer than twenty-four feet from the street line.    Upon learning of the existence of this covenant, defendant abandoned his plan of building his machine shop flush with the street line on Owen avenue, but remodeled his plans and did proceed with the construction

of a machine shop the foundation wall of which was not nearer than twenty-four feet from said street line.

The trial court held that the restrictive covenant prohibited the erection of any building other than a residence upon the property in question, and prohibited the erection of any residence having its foundation wall nearer than twenty-four feet of Owen avenue, and rendered judgment restraining the defendant *Gales* from erecting or using any building on said lot in violation of such covenant as so construed.

It will thus be seen that the lower court held, as the appellant *Gales* here contends, that the language of the covenant above quoted restricted the use of the property affected to residential purposes. It is well settled that such covenants are strictly construed in favor of the free use of the premises for all lawful purposes. *Roberts v. Gerber,* 187 Wis. 282, 202 N. W. 701; *Schneider v. Eckhoff,* 188 Wis. 550, 206 N. W. 838. There is nothing in the covenant here which restricts the premises to any particular use. It is merely provided that no house shall be built "with a foundation wall nearer than twenty-four feet from the street line." There is nothing said about the use to which the lots may be devoted, nor is there anything in the covenant limiting buildings thereon to family residences. It would require a strict construction to limit the word "house," as used in the restrictive covenant, to a family residence. The word "house" is "an ambiguous word with various meanings, dependent upon, or made evident by, the purpose of the parties and the subject matter of the instrument." 30 Corp. Jur. 472. A consideration of the authorities cited in support of this proposition indicates that the word "house" has been variously construed to include every sort of a building from a mansion to a corn crib, and has been even held to include a boat, a camp, and a covered wagon drawn from place to place. It may be said, therefore, that the word "house" is

an all-inclusive word, and may include any and every kind of a structure, dependent upon the context in which it is used and the purpose sought to be effected.

It is argued upon the part of the respondents *Peterson* that the manifest purpose of the restrictive covenant was to restrict the use of the property to residential purposes, and that if such construction is not given to the covenant then it is absurd and futile. Of course it should be assumed that some object was sought to be accomplished by virtue of the covenant, and we should hesitate to give the covenant a construction meaning nothing at all. However, it is apparent that the covenant does accomplish a quite usual and beneficial purpose. It does establish a building line twenty-four feet from the curb, thus preserving to the occupants of the lots a view and securing to them light and air. This is an object which is very often accomplished by the use of restrictive covenants of this nature. *Schneider v. Eckhoff,* 188 Wis. 550, 206 N. W. 838. No other meaning can be given to the language of the covenant except by a construction which would be most generous even in the absence of the prevailing rule requiring such covenants to be strictly construed in favor of the free use of the property. We therefore conclude that, in so far as the judgment prohibits the erection of the machine shop upon defendant's lot, it is erroneous. The foundation thereof, however, cannot be nearer than twenty-four feet from the street line of Owen avenue.

Appellant contends that the restrictive covenant should not be enforced because of changed conditions existing in the neighborhood. The court found that the character of the neighborhood has not changed since the insertion of the covenant in the partition deed, which finding is abundantly supported by the evidence. The effect which changed conditions in the neighborhood has upon a restrictive covenant

of this kind is discussed to some extent in *Ward v. Prospect Manor Corp.* 188 Wis. 534, 206 N. W. 856. We hold that the plaintiffs are entitled to judgment restraining the defendant *Gales* from building or using his machine shop within a distance nearer than twenty-four feet from the street line of Owen avenue. This is all the relief to which plaintiffs are entitled.

The defendant *Gales* interpleaded his grantor, *Elizabeth Owen,* and filed a cross-complaint demanding damages for a breach of the covenants of warranty and against incumbrances. This issue was tried. Two real-estate agents testified in behalf of the defendant and cross-complainant that the restrictive covenant depreciated the value of the lot, while two real-estate agents testified on behalf of the grantor, *Elizabeth Owen,* that the lot was more valuable by reason of the existence of the, restrictive covenant. We think the latter testimony was based upon a misunderstanding of the nature of this restrictive covenant. The defendant *Gales'* lot is a corner lot, facing on Owen avenue, and abutting lengthwise on Sixteenth street. Sixteenth street is a business district, and defendant's machine shop fronts on that street. It is quite conceivable that the value of this lot for residential purposes might not be seriously affected by the covenant restricting the building to twenty-four feet from the Owen avenue line. This conclusion does not necessarily follow, however, when it is understood that the lot is not restricted to any particular use. The presumption at least would seem to be that a lot on which a business structure facing a business street could be built covering the entire surface of the lot would be more valuable than a lot upon which a similar structure must be kept twenty-four feet from the street line. The court found that the defendant was not damaged by reason of the restrictive covenant in the deed, and found that the lot was just as valuable with

the restrictive covenant as it would have been without it. In view of the fact that the court misunderstood the terms of the covenant this issue should be retried.

The finding of the trial court that "said defendant had such knowledge and warning regarding such building restrictions or burdens imposed upon said lot number 21 as would put an ordinarily prudent person upon inquiry, which, if prosecuted with ordinary diligence, would have led to actual knowledge of what the record showed," in no manner affects the liability of the grantor, *Elizabeth Owen,* for such damages as may result from the breach of her covenant of warranty against incumbrance. *Bennett v. Keehn,* 67 Wis. 154, 29 N. W. 207, 30 N. W. 112. Nor is there anything in the case which estops the defendant from claiming such damages, as is contended by counsel for *Elizabeth Owen.*

The defendant also interpleaded the abstract company which prepared the abstract of title which the grantor furnished the defendant at the time of the purchase of the lot.

The abstract did not disclose the restrictive covenant here in question, and the defendant, claiming that the suppression of this information upon the face of the abstract resulted in damage to him, in that he was induced to pay a price for the lot based upon the assumption that there were no restrictions upon its use, filed a cross-complaint praying for damages against the abstract company. · In view of the fact that the court found that he had suffered no damage, of course he was denied · judgment against the abstract company. While, in view of this situation, perhaps strictly the liability of the abstract company is not here, nevertheless we deem it proper to touch upon that question for the guidance of the lower court upon a retrial. By the great if not universal authority the liability of an abstractor for damages resulting from his mistakes is based on contract and does not rest upon principles of negligence. He, therefore, is not liable to persons who may be misled to their damage

by reason of his negligence unless some privity of contract exist between them. 1 Ruling Case Law, 95; 12 L. R. A. N. s. 452, note. In view of the custom prevailing in this state by virtue of which the vendor of land procures the abstract and tenders it to the prospective purchaser, we are urged to hold that an abstractor is liable to any other person who may suffer damage by reason of reliance upon the negligent work of the abstractor. We are not aware that the custom prevailing in this state is different from the custom prevailing elsewhere, and we are not disposed to depart from the well-established rule that he who claims damages by reason of the negligence of an abstractor must trace his right thereto to some contractual relations existing between him and the abstractor. It follows that the defendant has no claim against the abstractor for any damages to which he may hereafter be found to be entitled.

The cross-defendant *Elizabeth Owen* also filed a cross-complaint against the defendant abstract company praying for damages over against the abstract company in case she be held liable in damages to her grantees. In view of the fact that no damages were assessed against *Elizabeth Owen,* no damages were awarded in her favor against the abstract company. Whether she will be entitled to such damages will be a question for the consideration of the trial court, in case damages may be eventually recovered by the grantees against *Elizabeth Owen.* Upon that question we do not seem to be called upon to express any opinion at this time.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings in accordance with this opinion.