JANSSEN and wife, Appellants, vs. FOELLER, Respondent.

*May 3—June 20, 1927.*

Covenants: Building restrictions: In residential plat: Absence of
general scheme of development.

1. Where the court found that there was, except for residence
   purposes only, no general scheme or plan of development of a
   plat; a lotowner can only be bound by the restrictions appear-
   ing in his deed. p. 336.

2. The portion of a corner lot purchased by defendant is *held* so
   differently situated as to building restrictions from that of
   plaintiff and other owners of inside and much deeper lots that
   it would require a very clear and definite showing of positive
   restrictions on defendant's right to use his lawfully acquired
   property before the plaintiff should be permitted to require
   him to build on the line established by plaintiff's house.
   p. 337.

APPEAL from a judgment of the circuit court for Brown
county: HENRY GRAASS, Circuit Judge. *Affirmed.*

Plaintiff seeks to restrain defendant from building on an
adjacent lot. These lots are in Glenwood plat, consisting of
fifty-three lots in a number of blocks, and within the resi-
dential district of Green Bay in said county.

Block 7 thereof faces westerly on Woodlawn avenue be-
tween Dousman on the north and Hubbard. The corner lots
were platted with 125 feet frontage each on Woodlawn and
each about forty-five feet east to west. Between these two
were four lots, each of forty-five feet frontage on Wood-
lawn and about 126 feet deep. The original plat contained
no building restrictions. From 1909 on, deeds by the plat
owners were given for lots in the several blocks, some with
and others without any building restrictions. The restric-
tions, when inserted, were widely variant, practically all,
however, providing that each lot should be devoted to resi-
dence purposes only; at minimum costs, when specified, of
$2,000, $3,000, $5,000, etc.; some provided for but one
house per lot; some expressly provided that no store building

should be erected; some that no old building should be moved onto the property. The provisions as to setbacks, that is, the required distance between the lot line and the house, when mentioned at all, also showed a wide variation, some fixing fifteen, some twenty, some thirty feet. The trial court found there was no general scheme or plan as to this plat other than to restrict it for residence purposes.

One Bedessen bought in 1922 the northwest corner of this block 7. He promptly built with a front to the north on Dousman and twenty-one feet back with the side of his house ten or eleven feet from the west line of Woodlawn. The deed to him fixed a minimum cost of $3,000, said nothing as to the number of houses on the lot or distance from the side line. It also provided that "said residence shall be set back a suitable distance from the sidewalk line to conform in general with the adjoining residences."

Bedessen sold the south fifty-six feet of his corner lot to the defendant in June, 1923, the deed being recorded in January, 1925, and containing the same restrictions as in the deed to him as above stated and quoted.

Plaintiff built a $6,000 residence on the lot next south of the Bedessen corner immediately after he bought in March, 1924. The deed to him from the owners of the plat contained similar restrictions to those in the Bedessen deed, *supra,* with the additions that no old building could be moved on the lot and but one house erected. He built nineteen and one-half feet back from his forty-five-foot frontage on Woodlawn.

The southwest corner of the block was bought in February, 1925, and the deed limited the purchaser to not more than one residence; a minimum cost of $5,000; the side not to be nearer than ten feet and the "setback to conform in general with other houses in the same block." A two-flat building was built in 1925 about fourteen feet from the west line of Woodlawn, to which the upper flat entrance led; the lower flat fronting south.

One Rennard, in May, 1925, bought the lot just south of plaintiff. His deed expressly prohibited any store building or any old building; fixed a minimum cost of $4,000, and that the "front line of front porch shall be set back a sufficient distance to conform with others in the same block." He built with a setback of twenty-two feet from Woodlawn and his house is but six feet south of plaintiff's.

Defendant had his plans prepared for a 28-by-26 house to cost about $6,000, and water, sewer, and gas pipes placed, in the fall of 1925. Thereafter, in November, 1925, a zoning ordinance covering all of this property was adopted.

Defendant secured a building permit from the proper city officials in April, 1926, and then started to build some sixteen or seventeen feet back from Woodlawn and in apparent conformity with the zoning ordinance as construed by the city officials, that is, as requiring no greater setback than fifteen feet and permitting the erection of two houses on such a corner lot where separate ownership, as here.

The court below held that defendant was not violating any of the conditions placed upon his title; that he built to conform to the ordinance; and that plaintiffs could have no relief.

From the judgment plaintiffs appeal.

For the appellants there were briefs by *Silverwood & Fontaine* of Green Bay, and oral argument by *A. B. Fontaine.*

For the respondent there was a brief by *John V. Diener,* attorney, and *Minahan & Duquaine,* of counsel, all of Green Bay, and oral argument by *Mr. Eben R. Minahan* and *Mr. Diener.*

Eschweiler, J. The defendant can only be bound by the restrictions in the deed to him of the south one-half of the corner lot and which are the same restrictions found in the deed of that corner lot from the owners of the plot to Bedessen, defendant's grantor. This is so because, as properly found by the court, there was, except for residence purposes

only, no general scheme or plan of developing this plat to which defendant must conform and at the instance of other owners, as was held in recent cases: *Mueller v. Schier,* 189 Wis. 70, 205 N. W. 912; *Schneider v. Eckhoff,* 188 Wis. 550, 206 N. W. 838; *Ward v. Prospect Manor Corp.* 188 Wis. 534, 206 N. W. 856; *Peterson v. Gales,* 191 Wis. 137, 210 N. W. 407.

Here defendant lawfully purchased the lower end of the northwest corner lot, upon the title to which there was no restriction as to the number of houses to be erected thereon, and his purchase was made when a house was already there on the upper half and only eleven feet from the same west line on which alone defendant can front. When defendant started to build there was a house on the southwest corner of the same block with a side setback from Woodlawn of but fourteen feet. He could also see that plaintiff, whose lot is about seventy-five feet deeper than defendant's, had built but 19.5 feet from the west front line, being a setback of 1.5 feet less than the south setback of the earlier built house of defendant's grantor, Bedessen, and still less than the setback of the house built to the south and subsequent to plaintiff's on a lot of the same size. If the first built of these particular houses, namely, the Bedessen house, controlled as to the setback, then plaintiff himself violated the rule he seeks to enforce, and perhaps for that reason ought not now to be heard.

Defendant, however, was not confronted with any such a definite and certain situation as to any prescribed or established setback in this block or on this street as should require him to comply with plaintiff's demands that his setback be the same as plaintiff or that he should not build at all because of alleged violations of the zoning ordinance as plaintiff construed it.

Defendant's property on the corner lot is so manifestly differently situated as to building possibilities from that of plaintiff and the others who do or may occupy the inside and much deeper lots that it would require a very clear and

definite showing of positive restrictions upon defendant's right to use his lawfully acquired property before plaintiff should be permitted to enforce the stringent demands he now makes, and we find no such restrictions here.

Whether the zoning ordinance is applicable to defendant, he having made his plans and laid sewer, water, and gas connections before the common council adopted it, is immaterial, and not here decided. Neither do we decide whether, if it were applicable, plaintiff's sole remedy would be under the appeal in said ordinance provided.

In any event, that ordinance recognized the substantial equities of one owning a part of a corner lot and his right to build thereon when to conform with the conditions prescribed for inside and deeper lots would make building impossible. The zoning ordinance recognizes a fifteen-foot minimum setback as generally applicable in such residence districts. The court below required the defendant to keep his building that distance or more away from the west line of his lot, and in so doing we think plaintiff gets all that in equity he should.

*By the Court.*—Judgment affirmed.