DAN HOWELL et ux.

*v.*

CLIFFORD A. BETTS et al.

362 S. W. 2d 924

(*Knoxville,* September Term, 1962.)

Opinion filed December 7, 1962.

ATCHLEY & ATCHLEY, Chattanooga, for plaintiffs in error.

FOLTS, BISHOP, THOMAS, LEITNER & MANN, Chattanooga, for defendants in error.

Mr. Jusice FELTS delivered the opinion of the Court.

This was an action brought by Howell and wife, purchasers of a parcel of land, to recover damages of defendants, surveyors, for an error made by them in a survey and description of the land. Defendants demurred to plaintiffs' declaration. The Trial Judge sustained the demurrers and dismissed the action. Plaintiffs appealed in error.

The facts averred in the declaration were that defendants made the survey of this parcel of land "for a former owner" in the year 1934; that the record of the survey described the parcel by metes and bounds, and showed it contained 2.3 acres, more or less; that 24 years later, or on November 12, 1958, plaintiffs purchased this parcel, relying on the accuracy of the survey and description.

It was further averred that in May 1960, plaintiffs learned of the errors in the survey, which were that their west line is 19.6' shorter, their north line 0.8' shorter, and their east line 13.1' shorter, than as shown in the 1934 survey; and that, therefore, the area of plaintiffs' lot is less than that shown by the survey, and they are entitled to damages for the deficiency.

The demurrers were upon two grounds: (1) that the facts averred did not show any privity between plaintiffs and defendants or any duty owed by the latter to the former; and (2) that the action, if any, was barred by the statutes of limitations of one year, of three years, and of six years.

The record does not show upon what ground the Trial Court sustained the demurrer. But, obviously, our first question is whether the declaration was sufficient to state any cause of action. It did not allege any contract between the parties; and if it stated any cause, it was one in tort for negligent misrepresentation.

So, the question is whether defendants, in surveying the lot for the then owner in 1934, owed a duty of care to any remote purchaser, not in privity, who might purchase it 24 years later, as plaintiffs did.

It is true the old rule was that there was no duty of care upon a defendant to a plaintiff not in privity. *Burkett v. Studebaker Bros. Mfg. Co.,* 126 Tenn. 467, 150 S.W. 421. But it can hardly be said that such a general rule any longer exists. See, *Dunn v. Ralston Purina Company,* 38 Tenn. App. 229, 233, 272 S.W.2d 479, and the numerous authorities cited there.

■ Such a duty has been imposed and defendant held liable to a plaintiff not in privity in a number of classes of cases, such as that of a supplier of goods or services which, if negligently made or rendered, are "reasonably certain to place life and limb in peril," *MacPherson v. Buick Motor Co.*, 217 N.Y. 382, 111 N.E. 1050, L.R.A. 1916F, 696, *Boyd v. Coca Cola Bottling Works*, 132 Tenn. 23, 28, 30, 177 S.W. 80.

■ Such a duty, and liability for its breach, has also been imposed upon defendant in favor of a plaintiff not in privity in cases of reasonably foreseeable risk of damage to tangible property. *Dunn v. Ralston Purina Co.*, supra; *Biakanja v. Irving*, 49 Cal.2d 647, 320 P.2d 16, 18, and cases there cited.

■ As stated in *Biakanja v. Irving*, supra, such a duty and consequent liability have been imposed on a defendant in favor of plaintiff not in privity where the risk of harm from negligent performance of a contract was to an intangible interest of such plaintiff. *Glanzer v. Shepard*, 233 N.Y. 236, 135 N.E. 275, 23 A.L.R. 1425.

In *Dickle v. Abstract Co.*, 89 Tenn. 431, 14 S.W. 896, an abstract company, preparing an abstract for the owner who the company knew was negotiating with a prospective purchaser, was held liable to such purchaser for a negligent misrepresentation that the title was clear. But the Court rested its decision on a finding of privity of contract between plaintiff and the company.

Likewise, in *Denton v. Nashville Title Co.*, 112 Tenn. 320, 79 S.W. 799, the Court recognized that an abstracter, who furnished an abstract to the vendor, knowing he was to use it in making a sale to a prospective purchaser,

would be liable for a negligent defect causing loss to the purchaser. But on the facts it was held that the abstracter was not liable because the defect had not caused the loss.

However, in *Equitable Bldg. & Loan Ass'n. v. Bank of Commerce & Trust Co.*, 118 Tenn. 678, 102 S.W. 901, an abstracter, which had made a negligent error in an abstract furnished to a husband, was held not liable to a bank lending money to the wife on the faith of the abstract, since the abstracter had no knowledge of the purpose for which the husband intended to use the abstract.

On principle and authority, we think the rule of liability cannot be extended to a case like that before us. If these surveyors could be held liable to such an unforeseeable and remote purchaser 24 years after the survey, they might, with equal reason, be held liable to any and all purchasers to the end of time. We think no duty so broad and no liability so limitless should be imposed. *Ultramares Corp. v. Touche,* 255 N.Y. 170, 174 N.E. 441, 74 A.L.R. 1139; Restatement of Torts, sec. 552; Prosser on Torts (2nd ed.), 541-545.

All of the assignments of error are over-ruled and the judgment of the Circuit Court is affirmed. Costs of the appeal in error are adjudged against plaintiffs and the sureties on their appeal bond.