**Jeremiah B. ANDERSON and Amy A. Anderson, Plaintiffs-Appellants,**

**v.**

**The BOONE COUNTY ABSTRACT COMPANY, a Corporation, Defendant-Respondent.**

**No. 52542.**

Supreme Court of Missouri, Division No. 1.

July 10, 1967.

Motion to Transfer to Court en Banc or for Rehearing Denied Sept. 11, 1967.

Carl F. Sapp, Scott Orr, Sapp, Woods & Dannov, Columbia, for appellants.

Terence C. Porter, Columbia, Welliver, Porter & Cleaveland, Columbia, of counsel, for respondent.

WELBORN, Commissioner.

This is an appeal from a judgment of dismissal of plaintiffs' petition seeking damages from defendant abstract company, for negligent certification of an abstract, obtained from defendant by a predecessor in title of plaintiffs and upon which plaintiffs allegedly relied in purchasing property in the City of Columbia. Recovery was sought for damages totaling $25,000.

Plaintiffs' petition alleged that by warranty deed, dated May 21, 1962, Odus H. Powell and Francis R. Powell conveyed to Al H. Wulff and Bernice Wulff and William J. Wulff and Helen R. Wulff Lots 24 and 25 of McNab Subdivision in the City of Columbia. By deed dated November 21, 1962, the Wulffs conveyed the property to

Frank H. and Harriette S. Fristoe by warranty deed. By warranty deed, dated July 1, 1963, the Fristoes conveyed a one-half interest in the property to plaintiffs.

The petition further alleged that plaintiffs purchased the property for the purpose of developing it for commercial and business purposes, subject to applicable zoning regulations; that, subsequent to their purchase, plaintiffs discovered that the property was subject to a duly recorded restrictive agreement entered into by the Powells on September 24, 1956, whereby the use of the land for commercial purposes was prohibited "unless zoned by ordinance for a planned shopping center; * * *."

The petition further alleged that, on January 5, 1962, the defendant abstract company had, for value received, prepared a certified abstract for the Powells which purported to include all matters of record affecting the real estate here involved, but that the restrictive covenant referred to above was not included in the abstract.

Plaintiffs alleged that the defendant knew, should have known or could reasonably foresee that the abstract which the Powells obtained was to be presented to a purchaser or purchasers for examination for sale of the real estate and that the defendant "could reasonably foresee that the abstract with the aforesaid certificate would be relied upon by subsequent purchasers of the real estate." The petition alleges that plaintiffs did rely upon the abstract and certificate and were willing, after the examination thereof, to accept the deed from the Fristoes, "believing said real estate could be used for commercial purposes."

The petition alleged that defendant was negligent in the preparation of the abstract and certificate and that the defendant carelessly and negligently failed to include the restrictive agreement in the abstract; that, as a direct and proximate result of such negligence of defendant, plaintiffs were damaged in the sum of $25,000. Of the damages, $18,000 was alleged to arise by reason of the differences in value of $25,-000 of the land without the restriction and $7,000 with the restriction. The plaintiffs also alleged a loss of $7,000 for costs, charges and expenses incurred in attempting to develop the real estate for business purposes prior to discovery of the restrictive covenant.

Defendant moved to dismiss the petition on numerous grounds, including the ground that plaintiffs were in no way in privity of contract with the defendant and are, therefore, precluded from claiming any rights in connection with the certification. The trial court sustained defendant's motion without specifying the grounds therefor. On this appeal, appellants have briefed only the privity question and, although defendant has briefed other grounds on which it claims the action of the trial court may be sustained, we will look first to the issue briefed by appellants.

Plaintiffs-appellants state their position in their brief as follows:

"Plaintiffs ask this Court to overrule the case of Schade v. Gehner, 133 Mo. 252, 34 S.W. 576 (1896), which held that privity was required before there could be any recovery of damages for the negligent certification of abstracts of title. Plaintiffs ask that the law in Missouri be declared to be that the maker of a negligent misrepresentation relied on by a third person without privity between the parties should be liable for damages if the relying and injured party is one of the class of persons for whose guidance the information was supplied. Restatement, Torts, Section 552 (2d Ed.1938). Plaintiffs also ask the Court to declare that this class be limited by the foreseeability test and by the applicable statutes of limitation."

In Schade v. Gehner, the widow of a purchaser of real estate who had employed a title examiner whose opinion on the validity of a title turned out to be erroneous was denied recovery on a claim charging negligence against the examiner.

The court stated: "Conceding, then, the defendant's negligence, and that a right of action accrued therefor, * * * to whom did such right of action accrue? That it accrued to George Schade, with whom the contract of employment was made, is matter of course. That a right of action could not accrue to any one else who was not privy to the contract, although damage may have resulted to such other person by reason of the negligence, is the uniform doctrine of the authorities." 34 S.W. 577. Among the Missouri authorities cited were Zweigardt v. Birdseye, 57 Mo.App. 462, and Gordon v. Livingston, 12 Mo.App. 267. In Zweigardt, absence of privity was held to bar an action by a purchaser for an abstracter's negligence in preparing an abstract for the purchaser's vendor. In that case, the court stated that the rule applied by it "applies with like force even where the abstractor or examiner has knowledge that the certificate as to title is to be used in a sale or loan to advise the purchaser or loanor." 57 Mo.App. 467. In Gordon, the court held that a grain inspector's liability for a false certificate, given negligently, but not fraudulently, did not extend to the purchaser of the grain who bought on the faith of the certificate but with whom the inspector had not contracted.

Appellants contend that, since those decisions of the prior century, the "assault upon the citadel of privity * * * [has proceeded] apace" (Cardozo, J., in Ultramares Corporation v. Touche, 255 N.Y. 170, 174 N.E. 441, 445, 74 A.L.R. 1139) and that the time has arrived for the limitation or abrogation of the protection against liability which the doctrine of privity has afforded abstracters.

The plaintiffs acknowledge that breaches in the privity defense as applied to abstracters have been minor. Plaintiffs accept the requirement of privity as the general rule. 1 C.J.S. Abstracts of Title § 11(c), pp. 393–396; 1 Am.Jur.2d, Abstracts of Title, §§ 15 and 16, pp. 240–242; Annotations, 34 A.L.R. 67, 68 A.L.R. 375; Roady, "Profes-sional Liability of Abstracters," 12 Vanderbilt Law Rev. 783. The major exceptions to the rule have resulted from abstracters' licensing laws in several states. See Eckhardt, "Abstracters' Licensing Laws," 28 Mo. Law Rev. 1 (1963). In the following states, recovery on the bond required as a condition for licensing is not limited to those in privity with the abstracter: Idaho (Idaho Code, § 54–101; see Merrill v. Fremont Abstract Co., 39 Idaho 238, 227 P. 34); Kansas (K.S.A. § 58–2802); Montana (Rev.Code, 1947, § 66–2113); Nebraska (Rev.Stat.1943, § 76–501; see Gate City Abstract Co. v. Post, 55 Neb. 742, 76 N.W. 471); New Mexico (New Mexico Stat. Ann., § 70–2–1; see Gallegos v. Ortiz, 28 N.M. 598, 216 P. 502); Oklahoma (Okla. Stat.Ann., Title 1, § 1; see Sackett v. Rose, 55 Okl. 398, 154 P. 1177, L.R.A. 1916 D, 820); South Dakota (S.D.Code, § 1.0107; see Goldberg v. Sisseton Loan & Title Co., 24 S.D. 49, 123 N.W. 266); Utah (Utah Code Ann. § 1–1–12), and Wyoming (Wyo. Stat., § 33–12). In Oregon, a statute eliminates the defense of privity unless the abstracter's certificate is limited to a named person. Or.Rev.Stat. § 30.750. Aside from statutes, the privity requirement has been held satisfied where the contract with the abstracter was by an agent for an undisclosed owner (Young v. Lohr, 118 Iowa 624, 92 N.W. 684), or where the purchaser obtains a recertification of the abstract. Beckovsky v. Burton Abstract & Title Co., 208 Mich. 224, 175 N.W. 235, 178 N.W. 238.

The most significant cases from appellants' standpoint are those in which recovery has been allowed by a purchaser or lender who the abstracter knew was to make use of the abstract ordered by the vendor or borrower. A number of such cases have permitted action by a particular person known to the abstracter to be the person to whom the abstract will be exhibited. Dickle v. Nashville Abstract Co., 89 Tenn. 431, 14 S.W. 896; Denton v. Nashville Title Co., 112 Tenn. 320, 79 S.W. 799; Anderson v. Spriestersbach et ux., 69 Wash. 393, 125 P. 166, 42 L.R.A.,N.S., 176;

Brown v. Sims, 22 Ind.App. 317, 53 N.E. 779; Shine v. Nash Abstract & Investment Co., 217 Ala. 498, 117 So. 47; Western Loan & Savings Co. v. Silver Bow Abstract Co., 31 Mont. 448, 78 P. 774. "While the existence of a custom for a vendor or borrower to procure an abstract for the use of prospective purchasers or lenders, and of such purchaser or lender to rely thereon, has been urged in a number of cases as a ground for holding the abstracter liable to such person, generally the courts have declined to give effect to such custom as a basis for holding an abstracter liable to any person other than his employer who suffers damage by reason of negligent work in preparing the abstract." 1 Am.Jur.2d, op. cit., § 16, p. 242, citing Thomas v. Guarantee Title & Trust Co., 81 Ohio St. 432, 91 N.E. 183, 26 L.R.A.,N.S., 1210; Peterson v. Gales, 191 Wis. 137, 210 N.W. 407, 47 A.L.R. 956.

With little support for their position to be found in cases involving abstracters, appellants have turned to other fields in which the privity doctrine has recently come under attack. Strong reliance is placed upon an opinion adopted by Division Number One of this court in the case of Motley v. Mercantile Trust Co., No. 49879, in November, 1965. Some eight pages of appellants' brief consist of quotation verbatim of that opinion. While the cause was pending upon a subsequent transfer to the court en banc, the parties stipulated that the opinion should be vacated and the judgment of the trial court, against plaintiffs, should be affirmed. Consequently, the opinion which was written does not stand as an opinion of this court, although the existence of the opinion was subsequently noted by the Eighth Circuit Court of Appeals in Lesser v. William Holliday Cord Associates, Inc., 349 F.2d 490, 492, footnote 3, and was commented upon in a note, "Liability of a Testing Company to Third Parties," W.U.L.Q., Vol. 1964, pp. 77, 83–85.

In view of the attention appellants have accorded the Motley opinion, we must,

we feel, consider the reasoning there embodied, although the opinion, of course, does not have the status of precedent in any way here controlling. The petition in Motley alleged that the defendant trust company had "prepared or procured the preparation of a will" for the decedent Frech under which plaintiffs were beneficiaries; that the trust company "held, controlled and managed" as a fiduciary the major portion of the decedent's estate; that, knowing the decedent's wishes for the distribution of her estate according to her will, the trust company negligently and carelessly failed to advise the decedent that action was required to subject the trust property to the terms of the will, and that as a result, upon the death of the decedent, there were no funds available for specific bequests under the will to certain plaintiffs and a residuary beneficiary plaintiff failed to receive some $$75,000 to which she would have been entitled had the trust property passed according to the will.

The trial court dismissed the petition and one issue presented upon the appeal was that of whether or not the absence of privity between the plaintiffs and the trust company was a bar to the action. Upon an extensive review of the history of the privity doctrine, its application in Missouri and elsewhere and recent inroads upon the doctrine, the opinion concluded that, if the "conventional supporting reasons" for the privity rule did not exist in the case, privity should not be required. The two supporting reasons for the rule, as found in Winterbottom v. Wright, 10 M. & W. 109, 152 Eng.Rep. 402, and cases following the doctrine there laid down were the danger of unlimited liability and second the restriction upon the right to contract which might arise if it were burdened with obligations and liabilities which the parties had not contracted for. The opinion pointed out that, under plaintiffs' petition, liability was limited to persons whose identity was known to the trust company by reason of the decedent's direction that they be named as beneficiaries under his will.

The defendant argued that to hold it liable under the facts alleged might open up areas of unlimited liability to others in its position and to professional advisors, generally, including atorneys. In answer to this contention, the opinion stated:

"[A] determination that the alleged facts make a case of liability against this trust company under these particular circumstances does not constitute a universal rule opening up unlimited liability in all kinds of cases involving the giving of opinions and advice in matters of business. Liability would depend upon circumstances and would be circumscribed within carefully defined limits.

"* * *

"[A]ny extension of the limits of liability in this field must be done on a case-to-case basis, with a careful definition of the limits of liability, depending upon the differing conditions and circumstances to be found in individual cases."

The opinion took note of the distinction drawn by Judge Cardozo in the cases of Glanzer v. Shepard, 233 N.Y. 236, 135 N.E. 275, 23 A.L.R. 1425, and Ultramares Corporation v. Touche, 255 N.Y. 170, 174 N.E. 441, 74 A.L.R. 1139. In Glanzer, the court declined to require privity in an action against a weigher by a purchaser of beans who purchased on the basis of a negligently erroneous weight certificate, obtained by the seller. In Ultramares, the court refused to hold accountants who negligently certified a corporate balance sheet liable to a third person who subsequently loaned the corporation money on the basis of the balance sheet. The Motley opinion pointed out that in Glanzer the buyer was the one person who would be affected by the weigher's negligence, whereas in Ultramares, the court felt that to permit recovery against the accountants might expose them "to a liability in an indeterminate amount for an indeterminate time to an indeterminate class." 174 N.E. 444.

Appellants here urge that this case is more nearly akin to Glanzer because liability would "be limited to a foreseeable class which consists of actual purchasers or lenders who rely on the abstract within the five year period of the statute of limitations." However, this case would extend liability to persons not dealing with the party with whom the abstracter dealt. It would widen the circle of liability to extend it to those who are in many cases actually aware of the existing limits of liability of the abstracter and who, by their own choice from economic considerations, neglect to bring themselves within the limits of such liability. This is not a case in which the intended beneficiaries were in no position to take action for their own protection.

Application of the privity doctrine in abstracter cases has frequently been criticized. Trusler, Extension of Liability of Abstracters, 18 Mich.Law.Rev. 127 (1919); Phillips, Liability of Abstracters, 62 Am.L. Rev. 868, 879 (1928); Eckhardt, op. cit., p. 23; Prosser on Torts, 3rd ed., p. 723. If, as suggested in Motley, the proper approach to the privity question is on a case-to-case basis, with policy consideration the decisive factor, we fail to see any major policy which would be furthered by elimination of the requirement in this case. The plaintiffs dealt with neither the abstracter nor the purchaser of the abstract. This is a case in which the purchaser of the abstract should have known of the noninclusion of the restrictive covenant in the abstract because the abstract purchaser was a party to the omitted instrument. Blame cannot be placed solely upon the abstracter. Nor is there involved activity which might constitute violation of any law of this state by the abstracter, a consideration accorded weight in Motley. Although not attaching major significance to the fact, we note that the legislature, the primary policy-making branch of our government, has declined, when the opportunity was presented, to eliminate the privity requirement for abstracters' operations.

Senate Bill No. 71 of the Sixty-third Missouri General Assembly (1945) would have enacted an abstracters' licensing law, similar to those above referred to. § 13 of that bill would have required a licensed abstracter to deposit a bond "conditioned for the payment by the person so licensed of any and all actual damages that may be sustained by, or accrue to, any person or body politic by reason of * * * any error, deficiency or mistake in any abstract made by such person so licensed." The bill failed of enactment, as did a similar measure (House Bill No. 184 of the Sixty-fourth General Assembly (1947). We find no further efforts to extend the liability of abstracters by legislative action. The most recent, and unsuccessful, proposal for abstracters' licensing, House Bill No. 548 of the Sixty-ninth General Assembly (1957), contained no requirement of a bond. The subject has apparently not aroused sufficient attention to evoke further legislative interest.

Even in states which have relaxed the privity requirement, the courts have refused to expand liability to a case such as this. In Biakanja v. Irving, 49 Cal.2d 647, 320 P.2d 16, 65 A.L.R.2d 1358, the court, in circumstances comparable in some respects to those presented in Motley, supra, relaxed the requirement of privity to permit an action by the intended beneficiaries against an unauthorized practitioner who had negligently prepared a will. However, subsequently, in Hawkins v. Oakland Title Insurance & Guaranty Co., 165 Cal.App.2d 116, 331 P.2d 742, the court refused to extend the liability of an abstracter to a subsequent purchaser of the property involved.

The Tennessee decisions, above referred to, have permitted the party to whom the abstract was furnished by the seller to recover against the abstracter. However, in Equitable Building & Loan Association v. Bank of Commerce & Trust Co., 118 Tenn. 678, 102 S.W. 901, the abstract was obtained by the husband of the owner. The court refused to extend the liability of the abstracter to a lender to whom the owner subsequently displayed the abstract.

More recently, in Howell v. Betts, 211 Tenn. 134, 362 S.W.2d 924, the Tennessee Supreme Court declined to extend the holding of Dickle and Denton, supra, to a surveyor, whose negligent survey in 1934 was relied upon in 1958 by subsequent purchasers of the surveyed property.

■ If, as appellants apparently view this cause of action, this case is one for damages for negligent performance of a contractual duty, we conclude that lack of privity between the appellants and the respondent is a bar to the action.

However, appellants have advanced the further suggestion that their action be considered as one for negligent misrepresentation, as defined in § 552 of the Restatement of Torts. § 552 states:

"One who in the course of his business or profession supplies information for the guidance of others in their business transactions is subject to liability for harm caused to them by their reliance upon the information if (a) he fails to exercise that care and competence in obtaining and communicating the information which its recipient is justified in expecting, and (b) the harm is suffered (i) by the person or one of the class of persons for whose guidance the information was supplied, and (ii) because of his justifiable reliance upon it in a transaction in which it was intended to influence his conduct or in a transaction substantially identical therewith."

In Lesser et al. v. William Holliday Cord Associates, Inc., 349 F.2d 490, the Eighth Circuit Court of Appeals discussed whether or not Missouri recognizes a right of action for negligent misrepresentation resulting in financial loss in a business transaction. In that case, an insurance agent had assured a contractor that he could provide a performance bond for a potential subcontractor. Relying on such assurance, the subcontract was let, but the performance bond not pro-

vided. When the subcontractor failed to fulfill his contract, the contractor sued the insurance agent, charging that the representation that a bond would be provided had been negligently made. From the Eighth Circuit opinion, it appears that the district court had concluded that, although no Missouri case had passed directly on the matter, the Missouri courts would, if called upon, accept the Restatement as the law of this state. However, the circuit court of appeals merely assumed that Missouri would do so and concluded that the plaintiff had failed to relate his damages to the allegedly false misrepresentation.

Appellants also cite Texas Tunneling Co. v. City of Chattanooga et al., E.D.Tenn., 204 F.Supp. 821. That case involved an action by a contractor against an engineering firm employed by the city to make test borings for the project under contract. The contractor alleged that the engineers had negligently omitted from their report certain information of significance to the contractor, with the result that the performance of the contract required a much longer time than the contractor had anticipated. The judge of the district court discussed at length the right of the plaintiff to maintain the action for negligent misrepresentation. Again, as in Lesser, the question was whether state law recognized such a right of action. The court referred to the Tennessee abstracter cases above mentioned. The court found language in Dickle which, in the court's opinion, warranted "recognition of a common law duty of care in representation, without reference to fictions of contract: * * *." 204 F.Supp. 829. As did the district court in Lesser, the district judge in Texas Tunneling concluded that Tennessee courts, if called upon to answer the question, would accept the Restatement view of the right of action.

The court then concluded that privity was not "a prerequisite to the existence of a duty under the tort law of negligence" (204 F.Supp. 832) and that third persons acting in reliance upon negligent misrepre-

sentations have a cause of action if they are within the class of persons whose reliance upon and injury by the misrepresentations can reasonably be foreseen. The plaintiff in the case at hand was held to fall within such class.

On appeal, the Sixth Circuit Court of Appeals, 329 F.2d 402, took into consideration the Tennessee Supreme Court's decision, subsequent to the opinion of the district court, in Howell v. Betts, supra, and concluded that Tennessee had not extended its law to encompass a cause of action for negligent misrepresentation in the situation before the court. The court said that it was not "persuaded by Restatement of Torts § 552" (329 F.2d 410) that it should extend the law of fraud and deceit to such a case.

Again, assuming without deciding that a cause of action for negligent misrepresentation may be maintained by third parties who act in reliance thereon, the question arises as to just what third parties may sue. Clearly, under the Restatement, reliance alone is not sufficient to bring one within the protected class. The harm must have been suffered "(i) by the person or one of the class of persons for whose guidance the information was supplied, and (ii) because of his justifiable reliance upon it in a transaction in which it was intended to influence his conduct or in a transaction substantially identical therewith."

The rule laid down by the Restatement has been described as sound but leaving a major problem unanswered—"where are the boundaries of the class of persons to whom a duty of due care is extended when information is supplied for their guidance?" Comment, "Liability of a Testing Company to Third Parties," W.U.L.Q., Vol. 1964, pp. 77, 78.

As we view the comment to the Restatement, it appears that liability is to be limited to persons dealing with the employer of the supplier of the information. In Hawkins v. Title Ins. Co., supra, the California court cited § 552, but declined to

include subsequent purchasers within the protected class. The Tennessee court in Howell v. Betts, supra, also cited § 552, but declined to include subsequent purchasers within the protected class.

In an article, "Misrepresentation and Third Persons." 19 Vanderbilt Law Rev. 231, Professor Prosser examined the cases in which liability for intentional or negligent misrepresentation had been held to extend to third persons relying thereon. According to him, the line definitely has been drawn at cases where the plaintiff is unidentified and the defendant has no special reason to expect that he may act in reliance. "The defendant may well be aware that his representation is capable of being passed on to others, and that at some subsequent date it may come into the hands of someone who will rely on it, act upon it, and suffer loss if it is false. But this amounts to nothing more than general foreseeability of transmission to others which is inseparable from the human word. In the face of the entirely indeterminate extent, magnitude and duration of the liability, the courts have always drawn back from its imposition." Op. cit., 251–252. This case is beyond the line which has been so drawn and we perceive no valid reason for expanding the limitation of liability to encompass this case.

The judgment is affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

HENLEY, P. J., and SEILER and HOLMAN, JJ., concur.

STORCKMAN, J., not sitting when cause was submitted.