IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 7, 2003 Session

## MICHAEL D. STREET v. LEVY (WILDHORSE) LIMITED PARTNERSHIP

Appeal from the Circuit Court for Davidson County
No. 01C-2088     Barbara N. Haynes, Judge

No. M2002-02170-COA-R3-CV - Filed August 7, 2003

This appeal involves a patron at a Nashville night spot who was seriously injured by a broken glass tray left unattended on a table. In addition to the laceration on his leg, the patron fell and hit his face against the floor. The patron later filed suit against the night spot in the Circuit Court for Davidson County seeking damages not only for the laceration of his leg but also for internal derangement of his temporomandibular joint caused by his fall. The night spot conceded its negligence, and, after conducting a bench trial on the question of damages, the trial court awarded the patron $8,937.00 for his medical expenses, pain and suffering, and loss of enjoyment of life. On this appeal, the patron takes issue with the trial court's refusal to award him $1,133.00 in medical expenses and with the amount of the award for pain and suffering and loss of enjoyment of life. We have determined that the trial court lacked any basis for declining to award the patron all his medical expenses and that the evidence does not preponderate against the award for pain and suffering and loss of enjoyment of life.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Modified and Affirmed**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

T. Turner Snodgrass, Nashville, Tennessee, for the appellant, Michael D. Street.

Michele M. Brubaker, Nashville, Tennessee, for the appellee, Levy (Wildhorse) Limited Partnership.

**OPINION**

**I.**

On October 6, 1998, Michael Street attended a charity function at the Wildhorse Saloon on Second Avenue in downtown Nashville. At one point in the evening, as he walked past some empty tables to meet several friends, he cut his leg on a broken glass tray that had been left unattended on an empty table. The broken glass sliced through his leg as he walked by. The pain of the injury

caused him to fall to the floor. Mr. Street hit the right side of his face on the floor when he fell and lost consciousness.[1]

Mr. Street was transported to the Vanderbilt University Medical Center emergency room, where doctors treated the laceration on his leg. His medical chart also indicates that he had abrasions on his right cheek. He returned to the emergency room five days later, complaining of excruciating pain in his left ear and soreness in his jaw. Mr. Street returned to Vanderbilt two more times in October 1998 and again in January 1999 complaining of jaw and ear pain. On his final visit, he was referred to Dr. Samuel McKenna, an oral and maxillofacial surgeon.

Dr. McKenna first examined Mr. Street on February 11, 1999. Mr. Street described his symptoms which included stuffiness in his left ear, facial pain on the left side, and noise coming from the left jaw joint. He also stated that these symptoms began only after the October accident at the Wildhorse Saloon. He also stated that he had not been following the restricted diet recommended by the emergency room physicians. Dr. McKenna suspected internal derangement of Mr. Street's temporomandibular joints ("TMJ") and recommended an MRI to determine the extent of the problem. He also instructed Mr. Street to go on a soft diet and to continue taking his anti-inflammatory medication as needed.

Mr. Street tried twice during the following month to undergo the scheduled MRI but was unable to because of his claustrophobia. Dr. McKenna then recommended an MRI at BioImaging, Inc., whose less confining MRI machine would be more suitable for Mr. Street. However, Mr. Street's insurance coverage did not cover the MRI, and he lacked sufficient funds to pay for it. Accordingly, he was forced to wait until May 2, 2000 before the MRI could be performed. The MRI showed internal derangement of TMJ on both sides of Mr. Street's jaw, but the derangement was particularly pronounced on the left side.

Dr. McKenna examined Mr. Street for the last time on June 29, 2000. Mr. Street continued to complain about pain in his neck behind his left ear, pain associated with swallowing, jaw pain when chewing extremely hard food, and popping and grinding sounds from the left jaw joint. Dr. McKenna told him that the neck pain and swallowing pain were likely unrelated to the TMJ and that he should have those formally evaluated by another specialist. Even though Dr. McKenna recommended additional follow-up appointments, Mr. Street did not see him again because he could not afford to pay for the office visits in advance as Dr. McKenna requested.

Mr. Street later retained a lawyer to represent him with regard to his claim against the Wildhorse Saloon. His lawyer referred him to Dr. John Farringer, a dentist, because he was continuing to experience pain in his jaw. When Dr. John Farringer first examined Mr. Street on October 19, 2000, Mr. Street told him that he was still experiencing pain in his ears and grinding in his jaw, as well as headaches, ringing in his ears, dizziness, and changes in hearing. Dr. Farringer obtained Dr. McKenna's treatment records and concurred with his diagnosis that Mr. Street had interior derangement of his TMJ.

---

[1] It is rather unclear whether Mr. Street lost consciousness because of the laceration on his leg or because of the blow to his face when he fell.

In December 2000, Dr. Farringer fitted Mr. Street with a splint that would allow his jaw to heal and instructed him to wear it for twelve to sixteen hours per day. Mr. Street found the splint to be uncomfortable and was able to wear it only one hour per day. He returned to Dr. Farringer in January 2001 and again in February 2001. During the February appointment, Dr. Farringer adjusted the splint to make it more comfortable. Mr. Street missed his next two appointments, but at his July 2001 appointment, Dr. Farringer again adjusted the splint and noticed that Mr. Street was not reflexively clenching his teeth. Mr. Street saw Dr. Farringer one last time on January 21, 2002. On this visit, Mr. Street reported that his jaw had actually locked on two occasions.

Mr. Street filed suit against Levy (Wildhorse) Limited Partnership ("Wildhorse Saloon") in the Circuit Court for Davidson County. He requested damages for $4,136.03 in medical expenses[2] and for pain and suffering and loss of enjoyment of life. On the eve of trial, the parties stipulated that the Wildhorse Saloon was negligent and that it was liable for all the damages proximately caused by Mr. Street's October 6, 1998 injury.[3] Following a July 16, 2002 bench trial, the trial court entered a judgment for Mr. Street in the amount of $8,937.00. In response to both parties' Tenn. R. Civ. P. 52.01 requests for findings of fact and conclusions of law, the trial court entered an order on September 17, 2002, stating:

> 1. The Plaintiff is suffering from internal derangement of the temporomandibular joint on both sides of his jaw.
> 2. The Plaintiff's condition, more likely than not, was caused by Plaintiff's accident which occurred on Oct. 6, 1998 at the Wildhorse Saloon.
> 3. The amount of Plaintiff's award for medical expenses is $2,844.00.
> 4. The amount of Plaintiff's award for pain and suffering and loss of enjoyment of life is $6,093.00.

Mr. Street perfected this appeal. He takes issue with the trial court's refusal to award him all his proven medical and dental expenses and with the amount of damages awarded for pain and suffering and loss of enjoyment of life.

## II.
### MR. STREET'S MEDICAL EXPENSES

The trial court did not explain its rationale for awarding Mr. Street $2,844.00 for medical expenses. However, we, like the parties, assume that the court arrived at this figure by approving

---

[2]These medical expenses included $1,335.03 to Vanderbilt Medical Center, $1,130.00 to BioImaging, Inc. for the MRI, $381.00 to Dr. McKenna, $157.00 to the Vanderbilt Medical Group, and $1,133.00 to Dr. Farringer.

[3]The Wildhorse Saloon entered into this stipulation even though it learned during discovery that Mr. Street had been involved in an accident with a taxi on November 9, 1997. He had received emergency treatment of abrasions to his left shoulder, chin, and left side of his face. Mr. Street never mentioned this incident to the emergency room physicians who treated him for his October 6, 1998 injuries or to Drs. McKenna and Farringer.

all of Mr. Street's claimed medical expenses except for the $1,133.00 paid to Dr. Farringer.[4] Mr. Street argues that this treatment was a continuation of the treatment for the internal derangement of his TMJ. The Wildhorse Saloon responds that Dr. Farringer's treatment was unrelated to the injuries Mr. Street sustained on October 6, 1998. Mr. Street has the better argument.

The basis for the trial court's decision to disallow Dr. Farringer's fee is not readily apparent in the record. There are, however, six possible reasons for declining to award claimed medical expenses such as these: (1) the absence of a compensable injury, (2) the lack of causation in fact, (3) an inordinate delay between the injury and the treatment, (4) the connection between the medical professional and the plaintiff's lawyer, (5) the necessity of the treatment and reasonableness of the charge, and (6) the failure to mitigate the damage. Based on our examination of the record, it contains insufficient evidence to support disapproving Dr. Farringer's fee on any of these grounds.

First, the trial court could have reached its decision by finding that Mr. Street had suffered no injury. *Woodlawn Memorial Park, Inc. v. Keith*, 70 S.W.3d 691, 696 (Tenn. 2002) (finding that compensatory damages were not warranted where plaintiff suffered no injury). However, the trial court specifically found, and the parties do not dispute, that Mr. Street "is suffering from internal derangement of the temporomandibular joint on both sides of his jaw." In accordance with Tenn. R. App. P. 13(d), we presume that this finding is correct. Therefore, the preponderance of the evidence demonstrates that Mr. Street has indeed suffered an injury.

Second, the trial court could have reached its decision by finding that Mr. Street's accident at the Wildhorse Saloon did not cause his TMJ. *Harden v. Danek Med., Inc.*, 985 S.W.2d 449, 451 (Tenn. Ct. App. 1998) (finding no liability where plaintiff failed to establish causation). However, the trial court specifically found that Mr. Street's injury was, more likely than not, caused by his accident at the Wildhorse Saloon. Dr. McKenna's testimony provided an appropriate factual basis for this finding, and the Wildhorse Saloon does not seriously contest it on appeal. Therefore, there is no basis for concluding that Mr. Street's October 6, 1998 injuries did not cause the internal derangement of his TMJ.

Third, the trial court could have reached its decision by concluding that too much time passed between Mr. Street's accident and his treatment by Dr. Farringer. *Howell v. Betts*, 211 Tenn. 134, 138, 362 S.W.2d 924, 926 (1962) (denying a claim for damages because of the significant lapse of time between the negligent conduct and the injury). Because the trial court made no specific findings regarding this issue, we will review the record de novo without any presumption of correctness. *In re Valentine*, 79 S.W.3d 539, 546 (Tenn. 2002); *Devorak v. Patterson*, 907 S.W.2d 815, 818 (Tenn. Ct. App. 1995). The fact that approximately two years passed between Mr. Street's injury and his initial visit to Dr. Farringer appears to be insignificant in light of Dr. McKenna's testimony that the internal derangement of the TMJ "can be an on-going long-term event," taking time to progress. Mr.

---

[4] The charges for the emergency room services, the MRI, and for Dr. McKenna's services equal $2,846.03 which differs from the $2,844.00 awarded by the trial court by $2.03. We cannot account for the $2.03 discrepancy or for the fate of Vanderbilt Medical Clinic's $157.00 fee. Mr. Street asserts in his brief that he requested $3,879.03 [sic $3,979.03] at trial even though his complaint sought $4,136.03. In light of the fact that Mr. Street does not insist on this appeal that the trial court erred by failing to include Vanderbilt Medical Clinic's $157.00 fee in its damage award, we will assume that he is no longer seeking reimbursement for this expense.

Street's well-documented inability to pay for his medical care also explains his delays in seeking further treatment. As a result, the preponderance of the evidence suggests that lapse of time is no reason to refuse to allow Mr. Street to recover damages for money owed to Dr. Farringer.

Fourth, the trial court might have disallowed Dr. Farringer's fee if there was some factual basis for concluding that Dr. Farringer and Mr. Street's lawyer had some sort of improper contingency fee or fee-splitting arrangement.[5] The trial court made no specific findings to that effect, and, in fact, the record contains absolutely no evidence of an arrangement of that sort. Mr. Street testified that he had been unsuccessful in finding other physicians with generous payment terms. He also explained that his lawyer then provided him with a list of several physicians and dentists and that he selected Dr. Farringer from this list. There is absolutely no evidence of any wrongdoing, and so the trial court would not have been justified in basing its decision upon this suspicion.

Fifth, the trial court could have reached its decision by concluding that Dr. Farringer's treatment of Mr. Street was unnecessary or that his fee was unreasonable. In personal injury actions such as this one, a plaintiff may recover only those reasonable medical expenses that were necessary to treat the injury caused by the defendant's negligence. *See Roberts v. Davis*, No. M2000-01974-COA-R3-CV, 2001 WL 921903, at *4 (Tenn. Ct. App. Aug. 7, 2001) (No Tenn. R. App. P. 11 application filed); Tenn. Code Ann. § 24-5-113 (2000); T.P.I. 3– Civil 14.11, 8 TENNESSEE PRACTICE: TENNESSEE PATTERN JURY INSTRUCTIONS 484 (3d ed. 1997). The Wildhorse Saloon presented no evidence that Dr. Farringer's treatment was unnecessary or unreasonable, and the trial court made no explicit findings of fact on these questions. The evidence shows that most of Dr. Farringer's fee – $953.00 – was for the splint or "orthopaedic repositioner." The remainder of the fee was for a comprehensive examination and diagnostic casts. Dr. McKenna testified that a splint is a legitimate mode of therapy. Accordingly, our independent examination of the evidence reveals no evidentiary basis for concluding that Dr. Farringer's treatment of Mr. Street was unnecessary nor that his fee was unreasonable.

Sixth, the trial court could have reached its decision by concluding that Mr. Street had failed to mitigate damages by faithfully following the treatment recommendations of Dr. McKenna and Dr. Farringer. *Haynes v. Cumberland Builders, Inc.*, 546 S.W.2d 228, 234 (Tenn. Ct. App. 1976) (noting that an injured party has a duty to exercise reasonable care in mitigating damages). The Wildhorse Saloon goes to some length to criticize Mr. Street for missing scheduled appointments, allowing long lapses of time between appointments, eating hard foods, and failing, at least initially, to wear the splint designed by Dr. Farringer. However, the record contains no evidence that Mr. Street's treatment by Dr. Farringer would have been unnecessary had he followed Dr. McKenna's treatment recommendations more assiduously. In light of the testimony that Mr. Street's condition is an "on-going long-term event," it is quite possible that Mr. Street would still have been required to wear a splint even with treatment immediately followed his injury. Accordingly, we find no

---

[5]Medical experts cannot be paid on a contingency basis. *Swafford v. Harris*, 967 S.W.2d 319, 323 (Tenn. 1998). In addition, a finder of fact may consider an expert's bias or financial interest in the litigation when determining the weight to be given to his or her opinions. Thus, a finder of fact may consider the steady stream of referrals by a lawyer to a medical expert in determining how much weight should be given to the medical expert's testimony. *Noel v. Jones*, 532 N.E.2d 1050, 1054 (Ill. App. Ct. 1988).

factual basis for concluding that Mr. Street's management of his condition prior to consulting Dr. Farringer, as opposed to his October 6, 1998 injury, necessitated Dr. Farringer's treatment.

Mr. Street is entitled to recover for all the damages caused by the negligence of the Wildhorse Saloon. Having considered this record in light of the possible grounds for denying a claim for medical expenses in a personal injury case, we see no reason why Mr. Street should not recover Dr. Farringer's $1,133.00 fee. Therefore, we find that the trial court erred in not awarding Mr. Street an additional $1,133.00 for medical expenses. On remand, the trial court should enter a revised order awarding Mr. Street $3,979.03 for his reasonable and necessary medical expenses.

### III.
#### MR. STREET'S PAIN AND SUFFERING

Mr. Street also takes issue with the trial court's decision to award him $6,093.00 for his pain and suffering and loss of enjoyment of life. He insists that this amount is "inadequate based on a preponderance of the evidence." We have determined that the evidence does not preponderate against the trial court's damage award for Mr. Street's pain and suffering and loss of enjoyment of life.

Once again, the trial court failed to explain the rationale behind its decision to award Mr. Street $6,093.00 for pain and suffering and loss of enjoyment of life. The record contains evidence that Mr. Street's earaches, headaches, and jaw pain have undoubtedly had a significant negative impact on his life and that he may continue to experience discomfort in the future. However, it also contains evidence that Mr. Street does not have the severest form of internal derangement of the TMJ and that his failure to follow dietary instructions and other treatment advice contributed to his discomfort. In light of this evidence and recognizing that the trial court had the opportunity to observe the demeanor of Mr. Street and his other witness, we find no basis for second-guessing the $6,093.00 award for pain and suffering and loss of enjoyment of life.

### IV.

We affirm the judgment as modified herein and remand the case to the trial court to modify its judgment to award Mr. Street $3,979.03 for his medical expenses in addition to the $6,093.00 award for pain and suffering and loss of enjoyment of life. We also tax the costs of this appeal to Levy (Wildhorse) Limited Partnership for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE